[No. 1988.   Decided November 27, 1895.]

J. H. DENNIS, *Respondent*, v. KASS & COMPANY *et al.*, *Appellants*.

APPEAL — SUFFICIENCY OF COMPLAINT — WHEN OBJECTION WILL NOT BE CONSIDERED — LAW OF CASE.

Where an action has been retried after the reversal of a judgment of non-suit, and from the judgment on the new trial defendants appeal, an objection to the sufficiency of the complaint cannot be first raised on such second appeal, when it is the same complaint upon which the former case was tried.

Questions determined on an appeal, or which might have been, if presented, will not be considered by the appellate court upon a second appeal of the same action.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge.   Affirmed.

*Steele & Gephart*, for appellants.
*W. E. Humphrey*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This case was before this court at the March term and was reversed on the ground that the court had committed error in sustaining respondents' motion for a non-suit, and the cause was remanded

for a new trial.   Upon the new trial, at the close of
the respondents' testimony, the appellants again moved
for a non-suit, which was overruled by the court, and
after further proceedings had, a verdict was rendered
for the respondent and judgment entered, from which
an appeal is taken.

From both the appellants' brief and their oral
argument we are satisfied that all the questions which
are now raised by the appellants were determined in
the former case, or, at least, that the new questions
which are raised here might have been determined in
the former case, if they had been presented.   The
point is now made by the appellants that the com-
plaint does not state facts sufficient to constitute a
cause of action.   This is the same complaint upon
which the former case was tried, and if it does not
state facts sufficient to constitute a cause of action,
that question should have been raised upon the former
trial.   The policy of the law is opposed to a multiplicity
of actions, and it would be directly in conflict with
such policy to allow a party to raise one objection
and litigate that, not only in the court below, but in
the appellate court, and if the result should be against
him, to go back and raise another objection which he
might have raised on the former trial.   Under such
a practice there would be no end to litigation.   If this
complaint does not state a cause of action now, it did
not at the time the appellants moved for a non-suit at
the first trial, and that question should have been de-
termined, either through the interposition of a de-
murrer, or, if they desired to rest upon their technical
rights, it should have been raised in their brief in the
previous case.   It seems to us that this proposition does
not merit any extended notice.   The same thing may
be said of the objection raised that the paper offered

in evidence as proof of the exemption claim should have been excluded, because the claim in nowise conformed to the requirements of the statute. This was really one of the grounds of the motion for non-suit in the former case, because it went to the sufficiency of the legal proof to justify a verdict, and this court announced in its opinion in the case of *Dennis v. Kass*, 11 Wash. 353 (39 Pac. 657), that "this property, or a portion thereof, was claimed by appellant under the exemption laws, and proper and timely steps were taken to protect his rights under such laws." The argument of appellants that "A partner has no specific interest in any particular chattel, portion or parcel of the firm property, his only interest being an equitable right to a proper portion of the surplus of the whole after payment of debts," as found on page 15 of his brief, will be found by recurrence to his former brief to have been brought to the attention of this court on page 4 of that brief. The argument which he makes here was made there, and exactly the same authorities are cited here as were cited there in support of the proposition, and the same may be said of all the other propositions urged by the appellants in the present case.

It is contended orally by the appellants that the question of the amount of interest which the respondent had in the property sold could not have been raised in the former trial, and that the court erred in refusing to allow him to show that the respondent had mortgaged this property, and to show that his interest or want of interest in it could be properly urged here. It *was* raised, however, and this court decided the question in the following language: "It is of no concern to the officer whether or not the entire title to the property levied upon is

vested in the judgment debtor.  For the purpose of determining the amount which is exempt, it must be assumed that he owns the property; " in fact, we went into all the questions raised on the present appeal, and they were decided after a thorough investigation and in a very explicit manner.  But even if they had not been, the evidence offered was not competent under the pleadings in the case.  It is nowhere alleged in the answer that the respondent did not have any interest in this property, or any such interest as would justify his claim for damages.  It is true there is a general denial of certain counts in the complaint, but none of those counts allege the amount of the interest of the respondent in the property claimed to be exempt, and even if it could be determined as an original proposition that appellants' theory on that question is correct, they should have objected to the insufficiency of the complaint.  So far as the instructions of the court are concerned, we think they followed the law as laid down by this court in the former trial of this cause, and as every material allegation of error has been once passed upon by this court, we think there is no reason why it should have been the second time brought here.  No petition for rehearing was filed in the former case, and the law as there announced stands as the law of this case, and as this court has sufficient employment without having to investigate causes a second time; and for the further reason that we think the respondent has been unwarrantably delayed in the collection of his judgment, we deem it is a proper case to impose the penalty provided for in § 23, page 131 of the Laws of 1893, though, as this is the first time that this court has felt called upon to impose this penalty, we will not impose it to the full extent allowed by the law,

(which would be 15 per cent. of the judgment appealed from), but the order of the court will be that the judgment will be affirmed with costs in favor of the respondents, and 10 per cent. of the judgment, or $25.00, as damages.

SCOTT and GORDON, JJ., concur.

HOYT, C. J., (*concurring*).—I concur in that part of the opinion which discusses the merits of the rulings in the trial court, but not in that relating to and directing the imposition of a penalty by way of damages.