[No. 2892. Decided March 17, 1898.]

THE STATE OF WASHINGTON, *on the Relation of Henry Holgate,* v. SUPERIOR COURT OF STATE OF WASHINGTON FOR PIERCE COUNTY *et al.*

NEW TRIAL — PARTIES AFFECTED BY GRANT OF — APPEAL — MANDAMUS —ESTOPPEL AGAINST CHANGING THEORY OF CASE.

The action of the court in granting a new trial must be held for the benefit of all the defendants, although applied for by but one of them, when it appears that the new trial was granted on the ground that the court had received the verdict in the absence of the parties, thereby constituting an irregularity in the proceedings of the court prejudicial to all the defendants.

Where an appeal has been taken from the order of the court granting defendants a new trial upon the application of one of

the defendants, if the appellant does not on appeal raise the question that the grant of new trial applies only to the defendant moving therefor, but litigates the case in the supreme court on the theory that the order applied to all the defendants and the defendants all appear and resist his appeal, the is estopped from afterwards raising the question in mandamus proceedings that only the party moving for the new trial is entitled to the benefit of the order granting one.

### Original Application for Mandamus.

*Claypool, Cushman & Cushman*, for relator.

The opinion of the court was delivered by

DUNBAR, J.—This is an application for a writ of mandamus to compel the superior court of Pierce county to direct and cause to be entered in the journal of said court a personal judgment in favor of relator against the defendant Parker in the case of Holgate v. Parker, et al., upon a verdict heretofore rendered in that case. The application and the record show that the relator was plaintiff in an action against defendants Parker and Kirby, in which action a judgment was obtained in favor of the plaintiff for $500. Subsequently a motion was made for the vacation of the verdict and the granting of a new trial, which motion was sustained by the court, and a new trial ordered. The burden of the relator's complaint is that the notice that the motion for a new trial would be made was given by defendant Kirby alone, and that inasmuch as defendant Parker did not join in said motion the setting aside of the verdict and the granting of the motion for a new trial did not affect him, and that he is now entitled to have judgment on the verdict entered against him. The complete record in this case was before this court on appeal taken by the relator from the action of the court in sustaining the motion to set aside the verdict and grant a new trial in this case. And from the whole record we are inclined to

the opinion that the motion for vacation and for a new trial was treated by all the parties and by the court as a motion by the defendants and not by one defendant alone. And we have uniformly held that we would determine a case here on the theory on which it was tried below. These defendants were represented by the same counsel, and while the notice of intention to make a motion for a new trial relates that the motion will be made by defendant Kirby, it does not indicate that the motion will be made in his interest alone, but that the motion will be made to vacate and set aside the verdict rendered in the cause, and the motion itself does not indicate by which defendant it was made, either in the motion or by the signing of the same, for it is simply signed "Murry & Carroll, Attorneys for Defendant," and it was the evident intention of the court to vacate this verdict and grant the motion for a new trial in favor of both of the defendants, for after reciting the incidents of the case, viz., that the verdict had been received in open court without notifying the counsel for either party, the court concludes

"that it was error prejudicial to the defendants to receive in the absence of defendants' counsel such verdict at said time, . . . for the reason that it deprived said counsel for defendants of the opportunity to poll said jury, and that defendants and their counsel did not waive their right to poll said jury by being absent at the time said verdict was received, and said jury discharged. That the reception without agreement and without notice of said verdict subsequent to the adjournment and prior to the re-convening of said court for regular business constituted an irregularity in the proceedings of the court and entitled the defendants to a new trial."

And it was urged by the relator in his brief on appeal, that the court acted on the theory that it did not have the power to receive the verdict under the circumstances under which it was received; if this were true, the court could

set aside the verdict on its own motion. But even if technically the vacation of this verdict and the granting of a new trial was not asked for by, or in the interest of, defendant Parker, we think the relator is estopped from raising that question now. As we have before stated, an appeal was taken by the relator to this court from the judgment of the superior court in granting this motion for a new trial, and the trial court was sustained by this court in that case, and the question which is now urged by the relator should have been urged in that case. Both Parker and Kirby were made respondents in that case, the notice of appeal was given to them, and the bond was executed in their favor. They both appeared here by attorneys and resisted the appeal, and if the order of the court did not apply to Parker that matter should have been presented to this court on the appeal, and if the law is as claimed by the relator, the judgment would have been modified to that extent. The notice of appeal was given to both Kirby and Parker, and the substantial part of it is as follows:

" You and each of you are hereby notified that the plaintiff in the above entitled action hereby appeals to the supreme court of the state of Washington from the order and decision of the said superior court in the said action made and entered of record on or about the 18th day of May, 1897, wherein and whereby it was considered, ordered and adjudged by the court that the motion of defendants for a new trial should be and was allowed."

It was evidently the understanding then of the appellant, who is now the relator, that the judgment applied to both of the defendants. The whole record and all the orders and notices given by and to the appellant show this conclusively. It has often been held by this court that an appeal cannot be taken piecemeal. It would amount to this and something more to allow a question which had been or could have been adjudicated upon an appeal which has

already been submitted to this court to be raised now by an application for mandamus.   The writ will be denied.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.