[No. 3968. Decided July 1, 1901.]

THE STATE OF WASHINGTON, *Respondent,* v. EBEN L. BOYCE, *Appellant.*

APPEALABLE ORDER — REFUSAL TO VACATE JUDGMENT AFTER AFFIRMANCE.

The action of the lower court in overruling a motion to vacate a final judgment, after its affirmance on appeal to the supreme court, is not an appealable order, under Bal. Code, § 6500,

subd. 7, which provides that any party aggrieved may appeal from any final order made after judgment which affects a substantial right, since such second appeal would not raise any questions not passed upon, or which might have been passed upon, in the original appeal.

SAME — JURISDICTION OF LOWER COURT TO MODIFY JUDGMENT AFTER AFFIRMANCE.

Where a judgment of conviction has been affirmed on appeal and the lower court directed to carry out the judgment inflicting the death penalty, an order of the lower court overruling exceptions taken to its order for the issuance of the death warrant is not appealable.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM H. SNELL, Judge. Appeal dismissed.

*Fremont Campbell,* Prosecuting Attorney, *Charles O. Bates* and *Walter M. Harvey,* for the State.

The opinion of the court was delivered by

DUNBAR, J.—On the 26th day of April, 1900, final judgment was rendered in the superior court of Pierce county, in the case of State of Washington *v.* Eben L. Boyce, on the verdict of the jury finding the said Boyce guilty of murder in the first degree, sentencing the said Boyce to be hung. An appeal was prosecuted to the supreme court from said final judgment and sentence, and the same was affirmed (24 Wash. 514, 64 Pac. 719), and on the 4th day of June, 1901, the remittitur from the supreme court was sent to the superior court and filed and entered in said superior court. Afterward the appellant, Boyce, moved the said court to set aside and vacate the said judgment, which said motion was by the superior court overruled on the 6th day of June, 1901. Exceptions were taken to said ruling, and notice of appeal given to the supreme court. This is a motion by the state to dismiss the appeal thus taken.

It is contended by the respondent that the order of the

court attempted to be appealed from is not an appealable order, and is not a final order from which an appeal will lie to this court. This contention must be sustained. The record shows that the appeal is taken from alleged errors occurring before judgment, and which errors were or could have been litigated upon the appeal from the original judgment. We do not think that the order made by the court refusing to vacate and set aside the judgment is appealable as an order affecting a substantial right under the statute. An order made by the court refusing to vacate and set aside a final decree is not appealable as an order affecting a substantial right under laws of 1893, p. 120, § 1, subd. 7 (Bal. Code, § 6500), providing that any party aggrieved may appeal from any final order made after judgment which affects a substantial right. *National Christian Association v. Simpson,* 21 Wash. 16 (56 Pac. 844).

It is conceded that all the questions raised by this motion to set aside and vacate the judgment and sentence were passed upon by the supreme court in the original appeal, or that they might have been passed upon had they been raised. Questions determined on an appeal, or which might have been if presented, will not be considered by an appellate court upon a second appeal of the same action. *Dennis v. Kass,* 13 Wash. 137 (42 Pac. 540).

The superior court was not clothed with jurisdiction to vacate a judgment which had been affirmed by this court, and which was in reality a judgment of this court. Where a cause has been appealed and a judgment rendered by the appellate court, no interference therewith will be tolerated on the part of the lower court by any proceeding in the cause other than such as is directed by the appellate court. *State ex rel. Wolferman v. Superior Court,* 8 Wash. 591 (36 Pac. 443).

"An order denying a motion to vacate an appealable

order cannot be appealed from. The appeal must be taken from the original order." 2 Enc. Pl. & Pr., p. 95, and cases cited.

The appeal in this case was taken from the original order, or, rather, the original judgment, and the appeal sought here would, in effect, be a second appeal. We do not think there can be any authority which will sustain the contention of the appellant that he has a right to prosecute this second appeal, for the statement of the proposition suggests its own refutation. If such a practice were tolerated, it would result in an endless chain, which would involve an absurdity in the administration of the law that would justly bring it into disrepute and totally destroy its efficacy; for it can readily be seen that if, after judgment is pronounced against a defendant and after an affirmance of such judgment by this court,—which is, in legal effect, an order of this court to the lower court to carry the judgment into execution,—the defendant can prosecute another appeal from the judgment, based upon alleged errors occurring prior to the judgment, he can, upon the same reasoning, prosecute a third and fourth appeal, and so on *ad infinitum,* thereby virtually destroying all potency of the judgment and escaping the penalty which the law has imposed upon him. There is a rule of logic which condemns reasoning in what is termed a "vicious circle." There must, of necessity, be a rule of law to prevent practicing law in a vicious circle, and surely the practice contended for by appellant furnishes a palpable illustration of the violation of this rule. The practice would not be in consonance with reason, or any sensible system of criminal jurisprudence, but would, on the contrary, render courts powerless to enforce their judgments, would shield criminals from the just punishment which the policy of the law imposes upon its infractions, and would, in effect, be

subversive of all government. The defendant has had the benefit of a trial by the tribunals provided by law for that purpose. He has been found guilty by a jury of his peers. The verdict of the jury has been carried forward into the judgment of the court. He has appealed to this court on alleged errors of law in the trial of the cause below, and the law has, by this court, been decided against him. He availed himself of the only other means which the law provides for a rehearing of his cause, by a petition for rehearing, which, upon examination by this court, was denied. There is no other remedy or process available to him under the law. Afterward, on the 12th day of June, 1901, the superior court of Pierce county caused the defendant to be brought before the court for the purpose of issuing and signing the death warrant. Certain objections were filed by his attorneys to the issuance of this death warrant. They were overruled by the court, exceptions taken to said ruling, and notice of appeal given to this court from an order overruling said objections. The motion here includes also the dismissal of this appeal. What has been said in relation to the first notice of appeal is applicable to this. These objections were passed upon in the original appeal of the case and are now *res adjudicata.*

No brief was filed by the appellant upon this motion, but upon oral argument it was suggested that, by action of the legislature subsequent to the conviction of the appellant, laws were enacted, the result of which would be to prevent his execution. This question is not raised in the case. If any such condition exists, the law provides an appropriate remedy. But under all authority, and in consonance with the plainest reason, the motion to dismiss must be sustained, and it is so ordered.

REAVIS, C. J., and FULLERTON, ANDERS, WHITE, HADLEY and MOUNT, JJ., concur.