[No. 6362.  Decided December 18, 1906.]

# N. G. WHEELER *et al.*, *Respondents*, v. THE CITY OF ABERDEEN *et al.*, *Appellants.*[1]

MUNICIPAL CORPORATIONS—TORTS—DESTRUCTION OF PROPERTY.  In an action for damages for the destruction of a building and damage to goods for noncompliance with an ordinance establishing fire limits, a nonsuit is properly denied where there was evidence that the city unnecessarily destroyed the material of which the building was constructed and damaged its contents.

PLEADINGS—ISSUES, PROOF AND VARIANCE.  In an action for damages for destroying a frame building in the fire limits, it is error to admit evidence of fraud and duress in signing a release of damages, where an affirmative answer alleged the signing of such agreement by the plaintiffs, and the reply failed to deny such allegation.

MUNICIPAL CORPORATIONS — TORTS — FIRE LIMITS — REMOVAL OF BUILDING—DAMAGES—LOSS OF PROFITS.  In an action for damages for the destruction of a frame building in the fire limits, damages for loss of profits from being compelled to move are not recoverable, where it had been determined in a prior action that the building existed in violation of law and that the city could not be enjoined from removing it.

SAME—JUDGMENT—BAR—RES JUDICATA.  An adjudication in a suit against a city, its mayor, and marshal, sustaining their right to remove a building from the fire limits, is *res judicata* in a subsequent action against the city and its then officers for damages for removing the building.

SAME—ADJUDICATION AS PARTIAL DEFENSE.  A defense of *res judicata* pleaded as a complete defense, should not be struck out or ignored because it is only a partial defense.

MUNICIPAL CORPORATIONS — TORTS — FIRE LIMITS — REMOVAL OF BUILDING—DAMAGES—EVIDENCE.  In an action to recover damages for the destruction of a building unlawfully maintained in the fire limits, evidence of the cost of removing plaintiffs' goods therefrom is inadmissible.

SAME—EVIDENCE OF OTHER VIOLATIONS.  In an action to recover damages for the destruction of a building unlawfully maintained in the fire limits, it is error to admit evidence of other violations of the ordinance by the maintenance of other like buildings within the limits.

[1]Reported in 87 Pac. 1061.

SAME—DAMAGES. In an action for the destruction of a frame building unlawfully maintained in the fire limits, damages are not recoverable for injury to the leasehold, or for mental distress, shame, or humiliation.

Appeal from a judgment of the superior court for Chehalis county, Chapman, J., entered April 6, 1906, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages for the destruction of a building and injury to the contents. Reversed.

*John C. Hogan* and *R. E. Taggart*, for appellants. A city may summarily tear down a wooden building erected within the fire limits. *Olympia v. Mann*, 1 Wash. 389, 25 Pac. 337, 12 L. R. A. 150; *Baxter v. Seattle*, 3 Wash. 352, 28 Pac. 537; *Baumgartner v. Hasty*, 100 Ind. 575, 50 Am. Rep. 830; *Eischenlaub v. St. Joseph*, 113 Mo. 395, 21 S. W. 8, 18 L. R. A. 590; *Theilan v. Porter*, 14 Lea. (Tenn.) 622, 52 Am. Rep. 173; *First Nat. Bank v. Sarlls*, 129 Ind. 201, 28 N. E. 434, 28 Am. St. 185, 13 L. R. A. 481; *Lemmon v. Guthrie*, 113 Iowa 36, 84 N. W. 986, 86 Am. St. 361; 2 Smith, Mun. Corp. §§ 1103, 1115; 1 Dillon, Mun. Corp. (3d ed.), § 141; *Mayor v. Hoffman*, 29 La. Ann. 651, 29 Am. Rep. 345; *Seattle v. Hinckley*, 40 Wash. 468, 82 Pac. 747. The city is not liable in any event for the acts of its officers engaged in the exercise of governmental functions. *Cunningham v. Seattle*, 40 Wash. 59, 82 Pac. 143; *Cunningham v. Seattle*, 42 Wash. 134, 84 Pac. 641; *Lawson v. Seattle*, 6 Wash. 184, 33 Pac. 347; *Russell v. Tacoma*, 8 Wash. 156, 35 Pac. 605, 40 Am. St. 895; *Simpson v. Whatcom*, 33 Wash. 392, 74 Pac. 577, 99 Am. St. 951; *Lynch v. Yakima*, 37 Wash. 657, 80 Pac. 79; *Sutton v. Snohomish*, 11 Wash. 24, 39 Pac. 273, 48 Am. St. 847. The former judgment was *res adjudicata*. *Sayward v. Thayer*, 9 Wash. 22, 36 Pac. 966, 38 Pac. 137; *Bruce v. Foley*, 18 Wash. 96, 50 Pac. 935; *Paddock v. Somes*, 102 Mo. 226, 14 S. W. 746,

10 L. R. A. 254; *Stewart v. Ashtabula,* 98 Fed. 516; *Id.,* 107 Fed. 857.

*J. C. Cross* and *J. W. Robinson,* for respondents. The judgment in the injunction case was not *res adjudicata,* when the plea was made, because it had been appealed from. *Knowles v. Inches,* 12 Cal. 213; *Woodbury v. Bowman,* 13 Cal. 634; *Thornton v. Mahoney,* 24 Cal. 569; *McGarrahan v. Maxwell,* 28 Cal. 75; *Murray v. Green,* 64 Cal. 363, 28 Pac. 118; *Harris v. Barnhart,* 97 Cal. 546, 32 Pac. 589; *Naftzger v. Gregg,* 99 Cal. 83, 33 Pac. 757, 37 Am. St. 23; *Souter v. Baymore,* 7 Pa. St. 415, 47 Am. Dec. 518; *State v. McIntire,* 1 Jones L. (N. C.) 1, 59 Am. Dec. 566; *Helm v. Boone,* 6 J. J. Marsh (Ky.), 351, 22 Am. Dec. 76; Freeman, Judgments, § 328; *Day v. De Jonge,* 66 Mich. 550, 33 N. W. 527; *Hennessy v. Tacoma Smelting etc. Co.,* 33 Wash. 423, 74 Pac. 584; *Hills v. Sherwood,* 33 Cal. 474; *United States v. The Peggy,* 1 Cranch 103, 2 L. Ed. 358. A judgment is not *res adjudicata* where the causes of action are different, unless the identical question was actually litigated. *Cromwell v. County of Sac,* 74 U. S. 352, 19 L. Ed. 65; *Nesbit v. Riverside Independent District,* 144 U. S. 610, 12 Sup. Ct. 746, 36 L. Ed. 562; *Wilmington etc. R. Co. v. Alsbrook,* 146 U. S. 279, 13 Sup. Ct. 72, 36 L. Ed. 972; *Johnson Steel Street Rail Co. v. Wharton & Co.,* 152 U. S. 252, 14 Sup. Ct. 608, 38 L. Ed. 429; *Last Chance Min. Co. v. Tyler Min. Co.,* 157 U. S. 683, 15 Sup. Ct. 733, 39 L. Ed. 859; *Roberts v. Northern Pac. R. Co.,* 158 U. S. 1, 15 Sup. Ct. 756, 39 L. Ed. 873; *New Orleans v. Citizens' Bank,* 167 U. S. 371, 17 Sup. Ct. 905, 42 L. Ed. 202; *Southern Pac. R. Co. v. United States,* 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355. This doctrine has been affirmed by this court in *Marble Savings Bank v. Williams,* 23 Wash. 766, 63 Pac. 511; *Hewitt v. Root,* 31 Wash. 312, 71 Pac. 1021; *Budlong v. Budlong,* 32 Wash. 672, 73 Pac. 783. A city cannot summarily destroy a wooden building in the fire limits unless it is

a nuisance *per se*. *Yates v. Milwaukee*, 10 Wall. 497, 19 L. Ed. 984; *Matter of Jacobs*, 98 N. Y. 98, 50 Am. Rep. 636; Wood, Nuisances, § 823; *First Nat. Bank v. Sarlls*, *supra*. A municipality, as an individual, is liable for its torts of an intentional character. *Potter v. New Whatcom*, 20 Wash. 589; 56 Pac. 394, 72 Am. St. 135; *Salt Lake City v. Hollister*, 118 U. S. 256, 6 Sup. Ct. 1055; *Speir v. Brooklyn*, 139 N. Y. 6, 34 N. E. 727, 36 Am. St. 667, 21 L. R. A. 641; *Anthony v. Inhabitants of Adams*, 1 Met. (Mass.) 284; *Sewall v. St. Paul*, 20 Minn. 511; *Allen v. Decatur*, 23 Ill. 332, 76 Am. Dec. 692; *Wilde v. New Orleans*, 12 La. Ann. 15; *Hunt v. Boonville*, 65 Mo. 620, 27 Am. Rep. 299; *Sheldon v. Kalamazoo*, 24 Mich. 383; *Thayer v. Boston*, 19 Pick. 511, 31 Am. Dec. 157; *Ashley v. Port Huron*, 35 Mich. 296, 24 Am. Rep. 572. Municipal immunity does not reach beyond governmental duty. *Judd v. Hartford*, 72 Conn. 350, 44 Atl. 510, 77 Am. St. 312; *District of Columbia v. Woodbury*, 136 U. S. 450, 10 Sup. Ct. 990, 34 L. Ed. 472; 2 Dillon, Municipal Corporations (4th ed.), § 969. It is not the function of the city to enforce the terms of an agreement by forcible measures without process of law. *Northern Pac. R. Co. v. Spokane*, 52 Fed. 428; *Chapman v. City Council of Charleston*, 28 S. C. 373, 6 S. E. 158, 13 Am. St. 681; *McClellan v. Gaston*, 18 Wash. 472, 51 Pac. 1062.

CROW, J.—The plaintiffs, N. G. Wheeler and F. C. Wheeler, copartners as Wheeler Brothers, and Florence Wheeler and Minnie Wheeler, their respective wives, commenced this action against the city of Aberdeen, a municipal corporation, John Lindstrom and James Birmingham, to recover damages for the destruction of a certain frame building, together with its contents, and for other injuries. John Lindstrom and James Birmingham were respectively the mayor and acting marshal of the city of Aberdeen.

The complaint alleges that, on October 10, 1905, the plaintiffs held an unexpired lease on a certain lot in the business section of the city of Aberdeen; that they were the

owners, and in possession, of a certain frame store building located thereon; that they there engaged in conducting a retail mercantile business, having and owning for that purpose a stock of coffees, teas, spices, glassware, queensware, crockery, and groceries, together with certain furniture and fixtures; that they were realizing a net profit of $300 per month; that on October 10, 1905, and on other dates immediately thereafter, the defendants wrongfully, unlawfully, with violence. and force, did take possession of the said property and the whole thereof, did oust plaintiffs therefrom, and did wrongfully destroy such buildings, improvements and fixtures; that plaintiffs were thereby compelled to remove their stock of goods; that the building was rendered unfit for occupancy; that their business was destroyed; that such acts were committed in the presence of a large number of plaintiffs' acquaintances, subjecting plaintiffs to great indignities, mental suffering, humiliation, shame, and disgrace, and that they sustained damages in the total sum of $7,812.

The defendants admitted the destruction of the building, but denied all the wrongful acts alleged in the complaint. For a first affirmative defense they alleged, that on October 16, 1903, the city of Aberdeen was visited by a great fire, which destroyed the entire business district; that on October 17, 1903, a mass meeting of citizens requested the city council to enact an ordinance creating fire limits; that on said October 17, 1903, at a special meeting, the city council passed ordinance No. 372, entitled: "An ordinance creating fire limits and dividing the city of Aberdeen into two building districts, and providing for the construction, alteration, and repair of buildings therein," etc.; that on October 19, 1903, the city council, at a special meeting, passed the following resolution:

"RESOLUTION.    Be it resolved by the City Council of the City of Aberdeen, as follows:—

"That until such time as an ordinance can be enacted and put in force, no person, firm or corporation shall be permitted

to use any of the streets or alleys within the district herein-
after described for the deposit or unloading of any lumber
or building materials, without first obtaining a written permit
for a temporary structure from the city clerk. The follow-
ing is the district hereinbefore referred to: [Here follows
description of the district.]

"That for the period of time above referred to, no permit
shall be granted for any structures or buildings within said
area but temporary structures not exceeding one story in
height, and the persons applying for such permit to erect
such temporary structure or building shall make application
therefor in writing, signed by him or his agent in substance
as follows:

"Application for permit to erect a temporary building.

"To the City of Aberdeen: I hereby apply for a permit
to erect a temporary building, in accordance with the outline
of plans hereto attached, upon the premises described in the
annexed schedule. And in consideration of such permit being
granted, I hereby undertake and agree with the city of Aber-
deen to remove said temporary structure within six months
after this date, or to make the same conform with the ordi-
nances of the city of Aberdeen then in force, with reference
to fire protection and in event of my failure so to do, within
the said time I hereby waive all claim for damages, which
may accrue to me or my assigns by reason of the removal
or destruction of said buildings, by the city authorities, after
said date. . . .

"That upon filing such application with the city clerk,
duly signed, with an outline of plan of the proposed tem-
porary building the city clerk shall issue to such applicant
a permit, . . ."

that the plaintiffs had full knowledge and notice of ordinance
No. 372, and the above resolution, both of which were pub-
lished in the official paper of the city; that the city council,
at a regular meeting held on October 21, 1903, passed ordi-
nance No. 375, substantially the same as ordinance No. 372;
that ordinance No. 375 was published on October 24, 1903,
and is still in full force and effect; that plaintiffs' property
is, and was, located within the first building district created
by such resolution and ordinances; that the resolution was

passed, as plaintiffs well knew, for the purpose of holding
the situation within the burned district *in statu quo*, until
such time as ordinance No. 375 might be enacted at a regular
meeting, and become operative; that pursuant to such reso-
lution of October 19, 1903, and other proceedings of the city
council, the plaintiffs applied to the city for a building per-
mit for the erection of a one-story frame building upon their
leased lot; that in consideration of the granting of such per-
mit, they entered into a written agreement with the city that
the building to be erected by them should be removed within
six months after October 19, 1903, or made to conform to
the ordinances of the city then in force, and that in the event
of their failure to remove the same, they would waive all
claims for damages which might accrue to them by reason of
its removal or destruction by the city authorities; that in
pursuance of such permit the plaintiffs erected the building
mentioned in the complaint; that after the expiration of six
months they failed and refused to remove the same or to
make it conform to the ordinances of the city, although the
defendants had made repeated demands upon them so to do,
and had also served upon them a resolution of the city council
passed August 2, 1905, requiring its removal; that the de-
fendants Lindstrom and Birmingham are respectively the
mayor and acting marshal of the city of Aberdeen, and were
acting as such under the authority of the ordinances, resolu-
tions, and instructions of the city of Aberdeen, and also
under the authority of the contract entered into by the
plaintiffs with the city when they destroyed the plaintiffs'
building, and that they did so without inflicting any unneces-
sary damages.

For their second affirmative defense the defendants alleged
that, on or about August 10, 1905, when the defendants, in
pursuance of the resolution of August 2, 1905, were about
to destroy the building, the plaintiffs herein filed in the su-
perior court of Chehalis county a complaint and application

for injunction; that in such action the plaintiffs herein were plaintiffs, and the city of Aberdeen and John Lindstrom, as mayor, and H. H. Carter, as marshal, were defendants; that in their complaint the plaintiffs alleged their ownership of the building here involved, pleaded the enactment of ordinance 375, and the resolution of August 2, 1905; alleged that the city, through its mayor and marshal, threatened to summarily destroy their building; and that ordinance No. 375 and the resolution of August 2, 1905, and other acts and proceedings of the city looking towards the removal of their building were invalid; that an *ex parte* restraining order coupled with a show-cause order was granted by the court and served on the defendants therein, who are the defendants in this action; that the city of Aberdeen, John Lindstrom, as mayor, and H. H. Carter, as marshal, appeared and made answer, alleging the various steps and proceedings taken by the city creating fire district No. 1, the enactment of ordinance No. 375, the issuance of a permit to the plaintiffs, their contract with the defendant city, the passage of the resolution of August 2, 1905, and the right of the city to destroy plaintiffs' temporary building; that to such answer the plaintiffs replied; that upon the issues joined trial was had, evidence adduced, and that after a hearing on the merits the court made findings of fact and conclusions of law in favor of the defendants, which were attached to and made a part of the answer therein; that final judgment was entered in favor of the defendants; and that thereby all the matters and things claimed by the plaintiffs in their complaint herein were concluded, decided, and disposed of by the court in favor of the defendants; that the findings, conclusions and judgment in such former action have not been vacated, reversed or set aside, but are in full force and effect on all the parties.

The plaintiffs having replied, a jury trial was had, and a verdict was returned in favor of the plaintiffs for the following damages: For loss by destruction of building, $400; for loss

by damage to stock of goods, and costs of removal, $400; for damages to the business of plaintiffs, $500. From a judgment entered upon this verdict, the defendants have appealed.

The above statement discloses the situation surrounding the parties. It is undisputed that the fire took place as alleged; that the ordinances and resolutions were passed; that the building permit was issued; that the contract was actually signed by plaintiffs (although they allege in their reply and testify that it was signed under duress); that the building was erected by plaintiffs; that notice for its removal was given; that the injunction suit was instituted; that final judgment was rendered therein; and that the appellants destroyed the building. The record, however, shows much dispute as to the validity of the ordinances, resolutions, building permit, and plaintiffs' agreement with the city; as to the effect of the judgment in the injunction suit; as to the amount of damages sustained by plaintiffs; and as to the liability of the appellants therefor.

The first contention of the appellants is that the trial court erred in refusing to discharge the jury and dismiss the action. Assuming that the appellants, as they contend, were entitled to destroy respondents' building, we think it was their duty to do so in a careful and prudent manner, without unnecessary damage or injury to the material of which it was constructed, or to the furniture, fixtures, and merchandise which it contained. There is evidence tending to show that they summarily proceeded with haste and violence, after the dissolution of the injunction, and that in so doing they unnecessarily destroyed and rendered worthless the material of which the building had been constructed, and that they also seriously and needlessly damaged the respondents' furniture, fixtures, and merchandise. This they were not entitled to do. If, in fact, they did any unnecessary damage, they should be held liable therefor. Although the

appellants denied having done any unnecessary damage, the
evidence was conflicting and the issue of the existence and
amount of such unnecessary damage, if any, was properly
submitted to the jury for their determination.

Appellants further contend that the trial court erred in
permitting the respondent N. G. Wheeler to testify in re-
buttal that he signed the contract for removal and waiving
damages, under circumstances tending to show fraud or
duress on the part of the city, insisting that the court thereby
opened a question which had been concluded by the former
adjudication in the injunction suit. By their answer the
appellants pleaded all of the issues in the former action, and
also set forth at length the findings of fact, conclusions of
law and final judgment entered therein. The 7th finding in
such action pleaded herein reads as follows:

"That on the 21st day of October, 1903, the plaintiffs
herein, N. G. Wheeler and F. C. Wheeler, co-partners as
Wheeler Bros., applied to the city of Aberdeen for a building
permit to erect a temporary wooden building not exceeding
one story in height, and thereupon the said Wheeler Bros.
entered into an agreement in writing with the city of Aber-
deen wherein they agreed, in consideration of such permit
being granted, to remove such temporary building within six
months after said date, or cause the same to conform to the
ordinances of the city of Aberdeen with relation to fire pro-
tection which might then be in force, and thereupon the city
of Aberdeen granted to the said Wheeler Bros. a permit for
a temporary building; that a copy of said agreement and
permit is set out in paragraph 6 of section 8 of the defend-
ants' answer, and that said agreement was entered into and
permit granted to the plaintiffs under the provisions of the
resolution passed by the city council on the 19th day of Octo-
ber, 1903; that at the time of taking out said building per-
mit for said temporary building, and at the time of signing
of said agreement the plaintiffs, Wheeler Bros., well knew
that the city of Aberdeen was contemplating the enactment of
an ordinance for fire protection in the city of Aberdeen cover-
ing the district described in the resolution of October 19,

1903, the city authorities deeming ordinance No. 372 to be void on account of having been passed at a special meeting of the council."

The reply did not deny that this finding had been made, and it must be taken as admitted. Hence, the question as to whether the respondents made the agreement was concluded by the former adjudication. Under the issues raised by the pleadings in this case, the trial court erred in admitting evidence to show duress or fraud on the part of the city.

It is further contended that the trial court erred in admitting evidence of loss of profits to the respondents' business by reason of their being compelled to change their location. The record in the former action, pleaded herein, shows a final adjudication to the effect that the building existed in violation of law; that it was an illegal structure, and that the appellants should not be enjoined from removing it. The respondents, therefore, had no vested right to its occupancy. It became necessary for them to discontinue their business in that location, and they could not recover from the appellants any damages to their business by reason of loss of profits that resulted from a change of location.

The respondents claim the injunction suit did not become *res adjudicata* for the following reasons: (1) That the answer of the appellants failed to allege that no appeal from the judgment had been taken; (2) that an appeal had in fact been taken and was pending in the supreme court; (3) that the parties to the judgment and to this action are not the same; (4) that the cause of action in the injunction suit was different from the cause of action herein, and (5) that the judgment was pleaded as a complete defense, while it is only a partial defense, if any.

Each and all of these contentions are without merit. The answer alleged that the judgment was in full force and effect, and that it had not been vacated, reversed, or set aside; while the reply, although making certain allegations showing that

the respondents desired to take an appeal, failed to allege that
an appeal had been taken. It did appear from the evidence
that an appeal had been taken, but that it had been dismissed
by this court prior to the trial of this action. The judgment
was then in full force and effect, and the respondents, under
the issues presented by the pleadings and evidence, were in
no position to raise at the trial any question as to the pend-
ency of an appeal, at the time of the commencement of this
action. 24 Am. & Eng. Ency. Law (2d ed.), 809-813. The
issues involved in the injunction suit and in this action are
the same in so far as the right of the appellants to destroy
the building was concerned. The parties to the two several
actions are either identical or in privity. 24 Am. & Eng.
Ency. Law (2d ed.), 751-2. The former adjudication was
pleaded by the appellants as a complete defense, and the ap-
pellants have constantly relied upon it, and still rely upon
it, as such complete defense.

If it appears from the evidence that the respondents are
entitled to certain damages by reason of the wanton and
unnecessary manner in which the appellants damaged their
merchandise, furniture, and fixtures, and the defense of *res
adjudicata* so pleaded fails to completely prevent any re-
covery by respondents, the defense should not for that reason
be entirely ignored or stricken on the theory that it was only
partial. From the issues raised by the pleadings, we con-
clude, as a matter of law, that the defense of *res adjudicata*
became effective for the purpose of preventing the respond-
ents from recovering any damages for loss of profits, and
the trial court erred in admitting evidence tending to show
the same.

It is further contended that the trial court erred in ad-
mitting evidence (1) tending to show the cost of removal
of the respondents' merchandise, and (2) in permitting the
respondents to show, by cross-examination of Mayor Lind-
strom, that parties other than the plaintiffs were permitted to

violate the fire ordinances, and that the city itself had violated
them by maintaining wooden buildings within the fire limits.
We think both of these contentions should be sustained. By
reason of the former adjudication, it devolved upon the
respondents to remove their stock, and they certainly could
not require the plaintiffs to pay for the expense thereof.
Conceding that other parties than the respondents were per-
mitted to maintain and occupy buildings in violation of the
city ordinances, such fact would not excuse the acts of re-
spondents.   Evidence tending to show such a course upon
the part of the city was not only incompetent, but we think
it was prejudicial as tending to raise an immaterial issue,
and cause the jury to believe the appellants had been guilty
of favoritism in discriminating against the respondents. The
city denied any such favoritism, and claimed that it was gen-
erally enforcing the ordinances.   It could not remove all
buildings at once.   It had to commence somewhere.   It had
already caused others to be removed, and was proceeding with
the work by removing respondents' building.

Other assignments of error presented need not be consid-
ered, as they will not arise upon a new trial which must be
ordered.   From the pleadings and record, we conclude that,
by reason of the former adjudication, which is not denied by
the reply, the appellants were entitled to destroy the respond-
ents' building, and that by reason of such right the respond-
ents are not entitled to recover for its value as a building,
although they may recover damages for any unnecessary in-
jury done to the materials of which it was constructed. The
respondents are not entitled to recover damages to their lease-
hold estate, and the trial court properly withdrew the con-
sideration of any such damages from the jury.   It also
properly withdrew from the jury the consideration of any
damages which the respondents claim by reason of mental
distress, shame, humiliation, and disgrace.   The only damages
which we think the respondents would be permitted to recover

in this action are such as were needlessly inflicted by the appellants in unnecessarily rendering worthless the material of which the building was constructed, and in unnecessarily destroying or rendering less valuable the furniture, fixtures, and merchandise. Upon a new trial of this action recovery for such damages should be permitted if sustained by the evidence.

The judgment is reversed, and the cause remanded with instructions to grant a new trial.

MOUNT, C. J., ROOT, DUNBAR, HADLEY, and FULLERTON, JJ., concur.