[No. 6840. Decided October 29, 1907.]

## N. G. WHEELER et al., Respondents, v. THE CITY OF ABERDEEN et al., Appellants.[1]

APPEAL—DECISION—REVERSAL—SCOPE OF NEW TRIAL. An objection that a complaint does not state a cause of action cannot be first raised by objection to any testimony at the second trial of the case, after a reversal by the supreme court of the first judgment, entered under the same complaint.

SAME—LAW OF CASE. Where, on a former appeal by a city, the supreme court reversed the case for error at the trial, holding that the city was liable for unnecessarily destroying property, and awarded a new trial to determine that question, the decision becomes the law of the case; and the objection cannot be raised that

[1] Reported in 92 Pac. 135.

the city was not liable for acts done in the exercise of a governmental function, there having been no attempt to correct the former decision on that question, which was raised in the briefs on the former appeal.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered March 29, 1907, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages for the negligent destruction of a building and injury to the contents.   Affirmed.

*J. B. Bridges, John C. Hogan,* and *R. E. Taggart,* for appellants.

*J. C. Cross* and *J. W. Robinson* (*A. Emerson Cross,* of counsel), for respondents.

DUNBAR, J.—This action has once before been in this court, and is reported in 45 Wash. 63, 87 Pac. 1061, where an extended statement of the facts and issues may be found. For certain reasons therein expressed, the judgment of the lower court was reversed and the cause remanded for another trial. The case was again tried before a jury upon the same pleadings.   A verdict in the sum of $500 was rendered in favor of the plaintiffs.   Judgment was rendered, and from this judgment this appeal was taken.

Briefly, the complaint alleged that the plaintiffs were owners of a certain wooden building in the city of Aberdeen, and were conducting therein a store; alleging the value of the stock and the value of the building, and that on or about the 10th day of October, 1905, the defendants, against the wishes and protests of the plaintiffs, wrongfully and unlawfully and with force entered upon said premises, tore down said building and drove the plaintiffs therefrom, and in so doing greatly damaged the materials of which such building was erected, and also damaged the stock of goods and fixtures that were therein.

The answer alleged, that prior to the tearing down of the building there had been a fire in the city of Aberdeen; that thereafter fire limits had been established; that the plaintiffs' building in question was constructed within the fire district unlawfully, by reason of its not being the character of building which was permitted in such district; admitted the tearing down of the building; but alleged that it was torn down after ample notice to the plaintiffs; that the defendant Lindstrom was the mayor of the said city, and the defendant Birmingham was its acting marshal at the time of the destruction of the building. In the former trial of the case the court permitted the plaintiffs to recover damages upon various grounds, but upon appeal to this court it was held that the only ground upon which the plaintiffs could recover damages was upon the theory that the defendants had negligently and carelessly torn down said building and negligently and carelessly damaged and injured the stock of goods, and the cause was sent back for a trial upon those issues. Upon the second trial, the court eliminated all testimony which did not bear upon the damage which had ensued by reason of negligently and carelessly tearing down the building, and testimony was offered to that effect, which we think sustained the judgment in this regard.

At the commencement of the taking of the testimony on the second trial, the defendants objected to the taking of any testimony in the case, for the reason that the same would be incompetent, irrelevant, and immaterial, and that the complaint did not state a cause of action. When the plaintiffs rested their case, the defendants asked for a nonsuit, which was denied. Several assignments of error are set forth in appellants' brief, the first of which we will notice, viz., that the complaint did not state a cause of action. There was no demurrer interposed to the complaint, and this objection was not raised at the former trial either in the court below or upon the trial in this court, and under the uniform rulings of this court it is too late to raise that question now. In *Dennis v. Kass &*

*Co.*, 13 Wash. 137, 42 Pac. 540, and since reaffirmed by this court, it was said:

"The point is now made by the appellants that the complaint does not state facts sufficient to constitute a cause of action. This is the same complaint upon which the former case was tried, and if it does not state facts sufficient to constitute a cause of action, that question should have been raised upon the former trial. The policy of the law is opposed to a multiplicity of actions, and it would be directly in conflict with such policy to allow a party to raise one objection and litigate that, not only in the court below, but in the appellate court, and if the result should be against him, to go back and raise another objection which he might have raised on the former trial. Under such a practice there would be no end to litigation."

Such has been the uniform holding of this court, and we see no reason to depart from that doctrine.

The main contention urged by the appellants in this action is that the city was not liable for negligence under any circumstances; that the city and its officers were engaged in the exercise of governmental functions, when it was enforcing compliance with its valid ordinances, and that therefore there could be no liability for damages. It is urged in this case that, under that doctrine, the city in any event could not be held liable, and that therefore the judgment against the city must necessarily be reversed. The court below held, that this question was not available to the defendants by reason of the decision of this court in the former case; that the cause had been sent back for trial against all the defendants on certain issues therein specified, and that it was the law of the case that the defendants were all liable for negligence in tearing down the building. The language of this court in the cause above referred to, after holding that the defendants were not liable for anything other than inexcusable negligence by reason of that question having been determined in injunctive proceedings which had theretofore been brought and which judgment had not been appealed from, said:

"The only damages which we think the respondents would

be permitted to recover in this action are such as were need-
lessly inflicted by the appellants in unnecessarily rendering
worthless the material of which the building was constructed,
and in unnecessarily destroying or rendering less valuable the
furniture, fixtures, and merchandise.  Upon a new trial of this
action, recovery for such damages should be permitted if sus-
tained by the evidence."  *Wheeler v. Aberdeen*, 45 Wash. 63,
87 Pac. 1061.

It is contended by the appellants that the court evidently
did not mean what it said in the use of this language, for the
reason that it is well established and has been so held by this
court, that the city in the performance of its governmental
functions cannot be held liable for damages.  But this ques-
tion was squarely raised by the former brief of the appellants,
as will be seen by consulting page 25 of such brief, where it
is said:

"There is another question in the case which seems to us to
be controlling.  The city and its officers were engaged in the
exercise of governmental functions when it was enforcing
compliance with its valid ordinances by tearing down the
plaintiffs' building, and there could be no liability for dam-
ages in any event,"
citing cases to sustain their contention.

It is true that there was very little discussion on that propo-
sition indulged in by the attorney for the appellants in his
brief, and there may not have been any in oral argument, our
recollection not serving us in that respect.  But the point was
there raised, and the court must have decided against the ap-
pellants on that proposition, or it would have been illogical
for the court to have sent the cause back for trial against all
the defendants to determine the amount of damages claimed,
by reason of the needless infliction thereof by the appellants
in unnecessarily rendering worthless the material in the build-
ing in question.  Whether right or wrong, a question which
we do not now decide, the ruling of this court in that respect
became the law of the case, which is a branch of the law of
*res adjudicata.*  This ruling was against the interests of the

city, notwithstanding the judgment was reversed in its favor. There was no attempt to call this question to the attention of the court, or to have the judgment amended, by petition for rehearing in that case, and under all authority this court will not now enter into an examination of the questions which were adjudicated at the former trial.

"If the facts disclosed by the record now before us are substantially the same as those presented by the record on the first appeal the former decision of this court established the law governing this case, and was a final adjudication and determination of the question now under consideration." *Furth v. Snell*, 13 Wash. 660, 43 Pac. 935.

In *Tyler v. Magwire*, 17 Wall. 253, 284, 21 L. Ed. 576, the court said:

"Brought here as the cause is by a second writ of error, it is settled law in this court that nothing is brought up for reexamination and revision except the proceedings of the subordinate court subsequent to the mandate,"

quoting approvingly from *Roberts v. Cooper*, 20 How. 467, 481, 15 L. Ed. 969, where it was said:

"But we cannot be compelled on a second writ of error in the same case to review our own decision on the first. It has been settled by the decisions of this court, that after a case has been brought here and decided, and a mandate issued to the court below, if a second writ of error is sued out, it brings up for revision nothing but the proceedings subsequent to the mandate. None of the questions which were before the court on the first writ of error can be reheard or examined upon the second. To allow a second writ of error or appeal to a court of last resort on the same questions which were open to dispute on the first, would lead to needless litigation. In chancery, a bill of review is sometimes allowed on petition to the court; but there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinion. . . ."

To the same effect is *Sizer v. Many*, 16 How. 98, 14 L. Ed. 861, and many other cases unnecessary to be set forth here. And the rule of the state courts is in harmony with this view.

What is said by the appellants in regard to the refusal of the court to render a verdict against a part of the defendants falls within the same line of reasoning. It is also stoutly asserted that the court erred in refusing to admit testimony concerning notice which was given to plaintiffs. This was properly rejected for the same reason, viz., that it was not material because the defendants were only liable for neglect exercised in destroying the building. All the material objections raised by the appellants to the rulings of the court fall within the same rule. The other objections raised we think are not sustained.

No error was committed by the court in the giving or refusing to give instructions, nor in the admission or rejection of testimony, and the judgment will be affirmed.

HADLEY, C. J., CROW, MOUNT, and RUDKIN, JJ., concur.