[No. 9000.   Department One.   March 14, 1911.]

THE STATE OF WASHINGTON, *on the Relation of Nicomen Boom Company, Respondent*, v. NORTH SHORE BOOM & DRIVING COMPANY et al., *Appellants*.[1]

APPEAL—DECISION—SUBSEQUENT APPEAL—LAW OF CASE—JUDGMENT—CONCLUSIVENESS.   A decision of the supreme court directing judgment against certain parties for a certain sum for boomage charges is final and conclusive, on a second appeal, as to the jurisdiction of the court and the liability of the several parties, where all the questions presented were, or might have been, raised on the first trial.

Appeal from a judgment of the superior court for Pacific county, Rice, J., entered April 26, 1910, in favor of the plaintiff, in contempt proceedings, after a trial on the merits before the court without a jury.   Affirmed.

*Chas. E. Miller*, for appellants.

*W. W. Cotton, Welsh & Welsh*, and *James G. Wilson*, for respondent.

MOUNT, J.—This is the second appeal in this case.   When it was here before, the judgment was reversed, and the case "remanded with instructions to enter a judgment in accord with this opinion."   55 Wash. 1, 103 Pac. 426.   We there determined that the Nicomen Boom Company was entitled to a judgment against these appellants for the amount of forty

[1]Reported in 113 Pac. 1104.

cents per thousand feet, board measure, upon 42,165,453 feet of logs. The trial court thereafter, in accord with that mandate, entered a judgment against the North Shore Boom & Driving Company, John W. Kleeb and John F. Hobi, and in favor of the Nicomen Boom Company, for $16,866.18, together with interest and costs, amounting altogether to $19,651.83. This appeal is prosecuted from that judgment.

The appellants now argue, (1) that this court was without jurisdiction to direct such judgment, and that the trial court was without jurisdiction to enter it; (2) that the appellants were not liable for logs boomed prior to January 16, 1906; and (3) that appellants John W. Kleeb and John F. Hobi could not be held liable for the profits of booming logs which were their individual property, which they had forbidden the respondents to boom. If it were conceded that there is any merit in any of these points, the appellants are not in a position to urge them at this late date. Each one of these points was necessarily in the case when it was here before, and that was the time when they should have been raised and decided. The decision upon the other appeal was final and conclusive upon the appellants in this case as to all points which were, or could have been, raised therein.

"Questions determined on an appeal, or which might have been if presented, will not be considered by an appellate court upon a second appeal of the same action." *State v. Boyce*, 25 Wash. 422, 65 Pac. 763.

See, also, *State ex rel. Holgate v. Superior Court*, 19 Wash. 114, 52 Pac. 522; *Dennis v. Kass & Co.*, 13 Wash. 137, 42 Pac. 540; *Smith v. Seattle*, 20 Wash. 613, 56 Pac. 389. In the last case the reason of the rule is stated, on page 614, as follows:

"While it is true that the point was not raised on the former appeal, it is patent that it might have been, and we think it would be a bad and unwarranted practice to permit the point to be urged now. In support of its general demurrer, respondent was entitled to urge the insufficiency of

the complaint from any standpoint, and must be held to have waived every point not presented at the former hearing. Any other practice would result in cases coming here piecemeal, delaying litigation, increasing the expense to parties litigant and burdening the court with unnecessary labor."

All the issues in the case were determined upon the former appeal, and a judgment was directed, and was entered as directed, without further evidence. This appeal does not present any new question raised by reason of the entry of the directed judgment. It simply presents questions which should have been, or were, raised upon the other appeal, which, as we have seen above, may not be done. We are satisfied there is no merit in any of the questions presented now; but in view of the rule above stated, we deem it unnecessary to discuss them.

The judgment appealed from is therefore affirmed.

DUNBAR, C. J., PARKER, and MORRIS, JJ., concur.