[No. 33888.  Department Two.  February 25, 1957.]

THE STATE OF WASHINGTON, *Respondent*, v.. WYMAN W. GRAEBER, *Appellant*.[1]

*Wyman W. Graeber, pro se.*

*Arnold R. Zempel,* for respondent.

ROSELLINI, J.—The appellant was tried with a codefendant and convicted of robbery in the superior court for Snohomish county, and judgments and sentences were entered on July 12, 1954.  Both defendants appealed to this court, and the judgments and sentences were affirmed in *State v. Graeber*, 46 Wn. (2d) 602, 283 P. (2d) 974; certiorari denied, *Graeber and McDonald v. State of Washington*, 350 U. S. 938, 100 L. Ed. 819, 76 S. Ct. 310; *Graeber v. State of Washington*, 351 U. S. 970, 100 L. Ed. 1488, 76 S. Ct. 1036.

On or about May 22, 1956, the appellant filed in the superior court for Snohomish county a motion to vacate the judgment and sentence entered against him on July 12, 1954.  The motion was denied on May 31, 1956, for the reason that the petition failed to state facts sufficient to warrant the vacating of the judgment.  The appellant filed a notice of appeal within thirty days thereafter, obtained per-

[1]Reported in 307 P. (2d) 563.

mission to proceed in *forma pauperis*, and filed a typewritten brief. It appears that the prosecutor was never served with a notice of appeal; however, he requested and was granted permission to argue the appeal at the hearing.

■ Disregarding the procedural defects in the appeal, it is manifest that the motion was properly denied. The superior court was without jurisdiction to vacate a judgment which had been affirmed by this court and which was in reality a judgment of this court. Where a cause has been appealed and a judgment rendered by the appellate court, no interference therewith will be tolerated on the part of the trial court by any proceeding in the cause which is not directed by the appellate order. *State v. Boyce*, 25 Wash. 422, 65 Pac. 763; *State ex rel. Wolferman v. Superior Court*, 8 Wash. 591, 36 Pac. 443.

■ All of the alleged grounds for vacation of the judgment and sentence were, or could have been, urged before this court on the appeal from that judgment. Questions determined on an appeal, or which might have been if presented, will not be considered by an appellate court upon a second appeal of the same action. *Buob v. Feenaughty Machinery Co.*, 4 Wn. (2d) 276, 103 P. (2d) 325, and cases cited therein.

The order is affirmed.

HILL, C. J., SCHWELLENBACH, DONWORTH, and FOSTER, JJ., concur.