[No. 8302.   Department Two.   November 24, 1909.]

W. F. HAYS, *Appellant*, v. TERRENCE O'BRIEN, *as
Administrator of the Estate of John Sullivan,
Deceased*, and MARIE CARRAU *et al.,
Respondents.*[1]

APPEAL—DECISIONS REVIEWABLE—ORDER REFUSING TO VACATE A
JUDGMENT.   An appeal from an order dismissing a case as to part
of the defendants, or from an order refusing to vacate such judgment,
will be dismissed where all the errors alleged could have been re-
viewed on appeal from the final judgment; as the case cannot be
heard piecemeal.

Appeal from an order of the superior court for King
county, Yakey, J., entered March 16, 1909, refusing to va-
cate a judgment, after a hearing before the court.   Appeal
dismissed.

*Henry St. Rayner* and *W. F. Hays*, for appellant.
*E. M. Carr* and *Corwin S. Shank*, for respondents.

PER CURIAM.——It is quite difficult to determine from a read-
ing of this record what the object of the action was, or how
the plaintiff could expect to derive any benefits from it under
any known system of judicial proceedings.   It is not neces-
sary to again give the history of this case, as it has been more
than once before this court.   But it was probably the inten-
tion to wipe out all prior judgments of this court and of the
superior courts on the subject of the alleged nuncupative will
of John Sullivan, deceased, and establish plaintiff's interest
in the property of the Sullivan estate under a contract for
attorney's fees with Marie Carrau, the beneficiary of said
will and one of the defendants in this action.   This action was
brought by plaintiff against Terrence O'Brien, as adminis-
trator of the estate of John Sullivan, deceased, and Marie
Carrau and others.   Carrau and O'Brien had demurred to the
complaint, and after about a year from the interposition of

[1]Reported in 105 Pac. 162.

the demurrers, the same not having been disposed of, the appellant obtained leave to file a supplemental complaint. The appellant objected to going to trial until after the disposal of the demurrers before mentioned, and alleges error of the court, in overruling his objection to do so; in going to trial without requiring O'Brien to answer the supplemental complaint; in dismissing plaintiff's case in pursuance of the motion of defendants Piles, Donworth, Howe & Farrell, as to defendants Terrence O'Brien and Marie Carrau; in overruling plaintiff's motion to set aside the order of the court made on March 9, 1909, whereby the court overruled plaintiff's objection and motion against proceeding to trial under the circumstances; and in overruling plaintiff's motion on March 11, to set aside the order made on March 9, just referred to. Some other errors are alleged in regard to the statement of facts, but they are not material. Upon the court refusing to sustain objections to proceeding to trial, the plaintiff and his attorney left the court room, announcing that that was the end of it, and they did not appear again in the action. The respondents proceeded to put in their proof, and final judgment was rendered. From this final judgment, no appeal has been taken, but on May 5, 1909, a motion to vacate the judgment and decree was filed, which motion was heard and denied on May 19, 1909. No motion for a new trial has ever been made.

If this could be construed to be an appeal from a motion to vacate the judgment, it was decided by this court in *Nelson v. Denny*, 26 Wash. 327, 67 Pac. 78, that an order vacating a judgment is not appealable under any of the provisions of Bal. Code, § 6500 (P. C. § 1048), authorizing the right of appeal. All the other alleged errors of the court could have been reviewed on an appeal from the final judgment in the cause; and that being true, the appeal in this case will not lie, for the reason stated many times by this court, that a case cannot be brought here on appeal piecemeal.

The motion to dismiss will therefore be granted.