[No. 8666.  Department One.  September 3, 1910.]

H. F. PROVINE, *Appellant*, v. THE CITY OF SEATTLE *et al.*, *Respondents*.[1]

MUNICIPAL CORPORATIONS—STREETS—CHANGE OF GRADE—INJURY TO ABUTTER—LIABILITY OF CITY. Where a city condemned the right to fill lots to a slope of one and one-half feet for each foot of elevation to support the grade of a street, it is liable for injury to a building by the placing of more dirt in the space than was necessary to make the required slope.

SAME—ACTS OF CONTRACTOR—LIABILITY OF CITY. Evidence that such grading was undertaken by the city and the fill made by the persons having charge, is sufficient to fix the liability of the city, in the absence of a showing by the city that the work was done by independent contractors not under the city's supervision or control. ·

SAME—INJURY TO ABUTTER—EVIDENCE—SUFFICIENCY. In an action for injury to a building, pushed off its foundations, by filling in more dirt than was necessary to make a required slope, evidence that sixty cubic yards more than was necessary was used, raising the dirt against the building four feet more than it should have been, is sufficient to make a question for the jury and sustain a verdict for the plaintiff.

SAME—CONSENT OF ABUTTER—EVIDENCE—QUESTION FOR JURY. In an action against a city for injury to a building by a fill, upon an issue as to whether plaintiff consented, a question for the jury is presented by the plaintiff's denial of the testimony of the defendant's witnesses.

Appeal from a judgment of the superior court for King county, Gay, J., entered November 2, 1909, in favor of the

[1]Reported in 110 Pac. 619.

defendants, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for damages to property by reason of the regrade of a street.   Reversed.

*John P. Hartman*, for appellant.

*Scott Calhoun, Ralph S. Pierce*, and *C. B. White*, for respondent City of Seattle.

*Jas. A. Snoddy*, for respondents Hawley & Lane.

FULLERTON, J.—On April 19, 1906, the city of Seattle, by ordinance duly enacted, directed certain of its streets to be regraded, among which was a street known as Stewart street. The plan and specifications for the regrade called for a dirt fill on Stewart street, where it passed the northerly side of lot four, in block six, of Sarah A. Bell's addition to the city of Seattle, of some eighteen feet at the northeast corner and sloping downward to twelve feet at the northwest corner. To hold the fill in place, the plans provided for an enbankment with a slope of one and one-half feet laterally to one foot in height, extending over onto private property.   This permitted the fill to extend laterally on the property above described a distance ranging from eighteen to twenty-seven feet.   To acquire this right, condemnation proceedings were begun by the city, and a *lis pendens* filed with the county auditor.   On April 19, 1907, and after the action last mentioned had been begun, the appellant, Provine, leased the lot described, from its owner, for a term of years, and asked and obtained from the city of Seattle a permit to construct a two-story wooden building thereon, fifty-three by one hundred and twenty feet in size, covering the entire lot, save a strip seven feet wide extending across its northerly side next to the fill.   He thereupon constructed a building according to the permit, and occupied it in the conduct of his business of buying and selling lumber.

Judgment in the condemnation suit was entered on June 29, 1907, and thereafter the city of Seattle let a contract to the respondents H. W. Hawley and L. C. Lane to perform

the work of regrading the streets. The nature or terms of the contract, however, do not appear in the record. The contractors entered upon the performance of the work, and in the course thereof filled the street in front of the appellant's building, but instead of allowing a slope of one and one-half to one for the retaining wall, they filled the entire space between the building and the street to a level with the street, plus one and one-half feet in addition to allow for shrinkage, letting the earth rest for its support against the wall of the appellant's building. Immediately on the completion of the fill, the house slid from its foundation, partially wrecking it, and rendering it unfit for use. The appellant conceived that the wreck of the building was caused by the excessive quantity of filling material the contractors had placed in the seven foot space, and brought the present action against the city and the contractors to recover therefor, laying his damages at two thousand eight hundred ninety-two and fifteen hundredths dollars. The city and the contractors took issue on his complaint, and a trial was had before the court sitting with a jury, which resulted in a verdict in the appellant's favor in the sum of sixteen hundred ninety-two and fifteen hundredths dollars. The city and the contractors thereupon moved for judgment notwithstanding the verdict. This motion the court granted, entering a judgment to the effect that the appellant take nothing by his action, and that the defendants recover their costs. This appeal was taken therefrom.

The appellant admits that, in virtue of the condemnatory action brought by the city against his lessor, the city had the right to overflow the lot with earth sufficient to form a sloping enbankment one and one-half feet in width at the bottom for each foot of elevation to which the street was filled, and that since he erected a building within this zone, he was obligated to make it of sufficient strength to resist the pressure of the filling material up to the amount the city was lawfully entitled to place thereon. But he contends, and we think justly, that the city had no right to put more dirt in

the space than was necessary to make the required slope; that
it had no right to fill the space between his building and the
street line up to the level of the street, and that if it did so,
and this extra fill caused the wrecking of the building, it is
liable to the appellant therefor.

The city urges its nonliability for three several reasons:
first, because there is no evidence in the record showing that
the city ever authorized the contractors, Hawley & Lane, to
deposit more dirt between the street line and the appellant's
building than was permitted by the judgment in the con-
demnation suit; second, because there is no evidence introduced
at the trial which would authorize the jury to find that the
additional dirt caused the injury complained of; and third,
that if any such additional dirt was deposited in the space
mentioned, it was so deposited at the appellant's direction
and request.

With reference to the first objection, the appellant was not
obligated to show any express direction from the city to Haw-
ley & Lane directing them to fill this particular space, before
he could charge the city with responsibility for an injury
arising therefrom.   It was enough when he showed that the
work of grading the streets was an undertaking of the city,
and that in the course of the work the fill was made to his
injury by the persons having charge of the work.   The city
might have escaped liability by showing, if such were the
fact, that the persons making the fill were independent con-
tractors, and that the work was not under its supervision or
control, further than it had the right to exact that certain
results be obtained.   *Seattle Lighting Co. v. Hawley*, 54
Wash. 137, 103 Pac. 6.   But it made no such showing.   The
fact was neither alleged nor proved.   On the contrary, the
proofs tended rather to show that the contractors were work-
ing under the immediate direction of the city than as inde-
pendent contractors.   The rule is that a city when acting in
its private capacity, as distinguished from its public func-
tions and duties, is liable, to the same extent as a private cor-

poration or individual, for the wrongful acts of its agents and servants committed while acting within the apparent scope of their authority. *Wendel v. Spokane County*, 27 Wash. 121, 67 Pac. 576, 91 Am. St. 825; *Normile v. Ballard*, 33 Wash. 369, 74 Pac. 566; 28 Cyc. 1257.

With reference to the second objection, the evidence tended to show that the quantity of earth placed in the fill, over and above that allowed by the judgment in the condemnation proceedings, amounted to some sixty cubic yards; that the effect of the fill was to raise the height of the dirt against the wall of the building four feet more than it would otherwise have been; and that the building was pushed off its foundation immediately on the completion of the fill. This we think was sufficient evidence as to the cause of the injury to require the submission of the question to the jury. It may be that, had the jury found the other way, the court would not disturb the verdict, but the facts shown amount to more than a scintilla of evidence that the wreck of the building was caused by the wrongful additional fill, thus making the question one of fact for the jury, rather than one of law for the court.

As to the third objection, it is a disputed question whether or not the appellant authorized or consented to the making of the additional fill. The respondents' witnesses testified that he did, but the appellant as emphatically denies it, and says that he protested against it rather than consented to it. This also presents a question for the jury and not the court.

The brief on the part of Hawley & Lane suggests only questions of fact. These are sufficiently answered by what we have said concerning the objections suggested by the city, and need no further consideration here.

We conclude, therefore, that there was no legal reason for denying the appellant the right to recover; that on all the material questions of fact he made a case for the consideration of the jury, and was entitled to have the benefit of their judgment upon them.

The judgment is reversed, and the cause remanded with instructions to reinstate the case, overrule the motion for judgment notwithstanding the verdict, and proceed further with the cause as the due administration of justice may require.

RUDKIN, C. J., MORRIS, CHADWICK, and GOSE, JJ., concur.