[No. 9610. Department One. November 14, 1911.]

JOHN FORRESTER, *Plaintiff and Appellant*, v. RELIABLE
TRANSFER COMPANY, *Defendant and Appellant*.[1]

APPEAL—DECISION—LAW OF CASE. Where, on a former appeal, it was decided that the lessee was estopped to question the validity of an unacknowledged lease, under the allegations of the pleadings, the validity of the lease is established as the law of the case if the facts pleaded are proved on the second trial.

LANDLORD AND TENANT—ABANDONMENT OF LEASE—REMEDIES OF LANDLORD—DAMAGES—TRIAL—ELECTION BETWEEN CAUSES. In an action by a lessor for damages by reason of the lessee's abandonment of the premises, the lessor may recover general damages by reason of the violation of the terms of the lease and special damages to the premises committed by the lessee in making alterations; and hence cannot be required to make an election between the two causes of action.

TRIAL—JURY TRIAL—DEMAND—WITHDRAWAL. A demand for a jury trial is unconditionally withdrawn, where after a great deal of colloquy, the demand was withdrawn until the plaintiff should make

[1]Reported in 118 Pac. 753.

an election, which plaintiff refused and was not required to make, and after refusal of an order to dismiss for want of election, defendant's counsel stated that he withdrew his demand for a jury.

Cross-appeals from a judgment of the superior court for King county, Carey, J., entered December 22, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for damages. Affirmed.

*Willett & Oleson,* for plaintiff.
*Allen & Allen,* for defendant.

DUNBAR, C. J.—This is the second appeal in this case. The former opinion may be found in 59 Wash. 86, 109 Pac. 312, where the pleadings are stated in full, a reference to which is here made for a more complete statement of the case. The substance of the complaint, however, is to the effect that the lessor, the plaintiff in the case, had prepared, at large expense, the premises, which were used as a livery stable, for the special benefit of the lessee, and that a lease had been entered into for the period of five years at a stipulated price per month; that after the signing of the lease, the lessor paid to the lessee a large sum of money, to be expended by the lessee in making alterations and repairs, and that such expenditures were of no value to the lessor, but wholly of benefit to the lessee; that after remaining in possession of said premises for a certain length of time, the lessee abandoned the premises, to plaintiff's damage in the amount specified. The lessee answered, admitting there was a written instrument signed by both parties, purporting to be a lease; that the lessee remained in possession for more than one year, and then moved out; and further alleged that, after the lessee had abandoned the premises, the lessor had acquiesced therein and had taken possession of the premises and terminated the lease. The lessor replied, denying that he had terminated the lease. Upon the trial of the action to

the court, findings of fact were made, and judgment was rendered in favor of the plaintiff for $600, from which judgment appeal is taken by the defendant, the plaintiff also appealing from the amount adjudged.

The former decision of this court has eliminated from the case many of the questions discussed. There counsel for the defendant objected to the admission of any evidence on behalf of the plaintiff, upon the ground that the facts alleged in the complaint did not entitle him to any relief. The court sustained the objection, treating it as a demurrer; and plaintiff electing to stand upon his amended complaint and refusing to plead further, the court entered an order dismissing the cause, from which ruling and order the plaintiff appealed. The cause was dismissed upon the theory that the lease was not legal, from the fact that there was no certificate showing acknowledgment of the execution of the lease on the part of the plaintiff. The lease was signed by both defendant and plaintiff. Some other conditions in relation to the execution of the lease were discussed in that case, but it is not necessary to discuss them here, for the reason that the court decided upon that appeal that the lease had not been executed under the provisions of the statute, but that the lessee was estopped to question the legality of the lease by reason of having entered into possession of the leased premises, and for certain other reasons specified by the court, as follows:

"By the allegations of this complaint it appears, that the lease is in due form save as to acknowledgment; that it is certain and specific in its terms; that respondent, the lessor, went into possession under the lease on August 1, 1907, the day of the commencement of the term, as provided in the lease, and continued in possession until May 1, 1909; that after the signing of the lease by both parties, the appellant paid to respondent sums of money at repeated times aggregating approximately $750 to be expended by respondent in making alterations and repairs to the building as it might desire for its particular use and benefit; that such expenditures were of no value to the estate but inured wholly to the

benefit of respondent; that respondent vacated the premises, and has since such vacation refused to pay rent and refuses to carry out the terms of the lease; and that respondent has damaged the premises in the sum of $700. These facts, it seems to us, would entitle the appellant to have the lease decreed to be a valid and binding lease between the parties, and upon refusal of respondent to carry out its terms, appellant would be entitled to damages."

Of course, this opinion was based simply upon the allegations of the complaint, leaving it to a subsequent trial to determine whether the proof would sustain such allegations. So that the law of this case is that the defendant was estopped from questioning the validity of the lease, conceding the truthfulness of the allegations of the complaint, and that the plaintiff was entitled to damages under such allegations. That being so, so far as this case is concerned, it stands as though the lease had been legally acknowledged, and was and is a legal lease in all respects.

Several pages of the defendant's brief are devoted to the argument of the assignment that the court erred in proceeding to trial without a jury after a jury had been demanded, and when the offer to withdraw the demand for a jury was conditional upon a prior election by the plaintiff; and in refusing to compel the plaintiff to elect. An examination of the record convinces us that learned counsel for defendant has misconceived his rights in this respect, and that the waiver of the jury by him was unconditional. A great deal of colloquy was indulged in between the court and the respective counsel on the question of an election of remedies by the plaintiff, the plaintiff insisting that he should not be compelled to elect and that he could not elect. In this we think he was justified, as he could not have elected without abandoning one of two causes of action stated, both of which he had a right to have tried out in this cause. In the opinion of this court in the former case, it was decided that, under the allegations of the complaint, the appellant was entitled "to have the lease decreed to be a valid and binding lease

between the parties, and upon refusal of respondent to carry out its terms, appellant would be entitled to damages." The damages spoken of were evidently not restricted to special damages, but would be the damages alleged under the complaint, viz., damages by reason of the violation of the lease contract, and the special damages alleged. These were the only two items of damages claimed in the complaint, and the court, after ordering plaintiff to elect, afterwards rightfully withdrew the order. This question of election was so interwoven with the defendant's demand for a jury that they must be considered together. After an assertion on the part of the plaintiff's counsel that he could not and would not elect, the court asked counsel for the defendant if he were still making demand for a jury:

"Mr. Willett: Well, I want their election first, if the court pleases."

Again, after a great deal of talk, Mr. Allen, counsel for plaintiff, closed his remarks by saying:

"We have not any election to make as we look at it. If the court sees fit to dismiss the action, we desire an exception to that."

The court in the meantime was threatening to dismiss the action unless an election was made. After further talk, it was said by Mr. Willett, addressing the counsel for the plaintiff:

"Well, then, you wont make any election for the purpose of the record, Mr. Allen? Is that correct? But you are willing to let the court make an election?" Mr. Allen: "We decline to be interrogated any further." The Court: "Do you insist on your demand for a jury?" Mr. Willett: "Well, if the court pleases, that demand for a jury in the first place came subsequent to election yesterday, as I understand it. I want to withdraw my demand until the question of election is settled." The Court: "Well, it is a law case at any rate." (Further remarks by counsel). Mr. Willett: "If the court pleases, I offer to withdraw my demand for a jury if they will comply with the order of the court and make

their election." (Remarks by counsel). Mr. Willett: "Now, if the court pleases, the plaintiff in the case having refused to obey the order of the court to make an election, I move the court for a dismissal of the case on that ground." The Court, addressing Mr. Willett: "Have you decided whether you want this case tried by the court or by jury?" Mr. Willett: "I withdraw my demand for a jury." The Court: "Very well. Then proceed with the trial of the case."

In the first place, we think that counsel for defendant was mistaken when he said that the demand for the jury had been made subsequent to the election on the part of the counsel for plaintiff, for the reason that the whole record shows conclusively that there was no election; and in the second place, he unequivocally withdrew his demand for a jury after stating himself that the plaintiff in the case had refused to obey the order of the court to make an election, and that for that reason he moved a dismissal of the cause. We think the record fairly disposes of defendant's contention against him. As we have indicated, the plaintiff was entitled to try out both his causes of action under the allegations of the complaint. In *Oldfield v. Angeles Brewing & Malting Co.*, 62 Wash. 260, 113 Pac. 630, where the measure of damages was laid down as being the difference between the amount fixed in the contract and the rental value of the premises for the given time, it was said further:

"There is but one breach, and there should be but one recovery for that breach. . . . To the above measure of damage should be added such special damages as the lessee may plead and prove to have necessarily resulted to him from the breach of the agreement."

Counsel insists that he was entitled to know what issue he would be compelled to meet, so that he could intelligently prepare himself. It seems to us that the allegations of the complaint were so clear and specific that no unreasonable burden was imposed upon him in that regard. The answer confesses that the lessee had moved away from the premises, so there could be no issue on that question, and the only

thing that could be determined by the court or jury was the damages, if any, by reason of the breach of the lease, and the special damages alleged, if any were proven.

We find no merit in any of the technical assignments raised by counsel for the defendant, and on the merits of the case we are not inclined to disturb the findings or judgment of the court. The record is a large one and we have examined it with particular care, but no profit would inure to any one by an analysis of the testimony. In some respects it is rather obscure and difficult of interpretation by this court, and in such case we feel that we should be guided very largely by the judgment of the court before whom the case was tried, who saw and heard the witnesses and was, therefore, more capable of interpreting the testimony than is this court.

The judgment is affirmed, and as both parties have appealed, neither will be entitled to costs of appeal.

GOSE, MOUNT, PARKER, and FULLERTON, JJ., concur.