[No. 9869. Department Two. November 24, 1911.]

STEVE O'BRIEN *et al.*, *Appellants*, v. W. S. McKELVEY *et al.*,
*Respondents.*[1]

APPEAL—DECISION—LAW OF CASE. A decision on appeal that a
demurrer was properly overruled, and that certain evidence was im-
properly excluded, becomes the law of the case, and error cannot be
assigned thereon upon a second appeal.

EVIDENCE — EXPERTS—HANDWRITING—QUALIFICATION OF EXPERTS.
Employees in the county auditor's office are qualified as experts to
compare signatures and give an opinion as to whether they were
written by the same person, where one of them had had experience
in inspecting instruments and signatures thereto offered for record,
and the other was a clerk and bookkeeper who had been a receiving
and paying teller in a bank.

DEEDS—EXECUTION—FORGERY—EVIDENCE—SUFFICIENCY. The forg-
ery of a deed is sufficiently established where qualified experts com-
pared the signatures with one proven to be genuine by a witness who
saw the grantor sign, and were of the opinion that they were not
written by the same person, and no attempt was made by the other
parties to disclose the circumstances or explain the absence of the
original deed.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered January 3, 1911, upon findings
in favor of the defendants, after a trial on the merits before
the court without a jury, in an action of ejectment. Af-
firmed.

*H. E. Foster*, for appellants.

*Tom Alderson*, for respondents.

CROW, J.—This action has heretofore been in this court.
*O'Brien v. McKelvey*, 59 Wash. 115, 109 Pac. 337. A state-
ment of the pleadings and issues may be found in our former
opinion. The plaintiffs' demurrer to the affirmative answer
and cross-complaint of the defendant W. S. McKelvey was
overruled. On trial, judgment was entered in plaintiffs'

[1]Reported in 118 Pac. 885.

favor, but on defendants' motion, a new trial was granted, and the former appeal was prosecuted from the order granting the new trial. The plaintiffs, as appellants, then contended that the trial court erred in overruling their demurrer to the affirmative answer and cross-complaint, and in granting a new trial, but this court held the affirmative defense sufficient, and also held that the new trial was properly granted by reason of the erroneous exclusion of evidence offered by the defendants. After remittitur and upon a retrial, the court made findings in favor of the defendants, and entered a decree by which it was adjudged that the purported deed from Frank Elsholtz to Lena Vosberg, through which appellants deraigned their alleged title, was a forgery; that Elsholtz is still the owner of the real estate; that appellants have no right or interest therein, and that the action should be dismissed. The plaintiffs have again appealed.

It is unnecessary to restate the pleadings, as they appear in our former opinion. We will observe that appellants, who deraign title from and through a deed alleged to have been executed and delivered by Frank Elsholtz to Lena Vosberg, prosecuted this action in ejectment to obtain possession of the real estate from respondents W. S. McKelvey and Emaline McKelvey, his wife. W. S. McKelvey, claiming to be in possession as agent for Elsholtz, alleged that the purported deed from Elsholtz to Lena Vosberg was a forgery. The controlling issue on the last trial was whether the disputed deed was a forgery. The respondents were permitted to introduce evidence rejected on the former trial, which this court held competent and admissible. Upon this and other competent evidence, a finding was properly made that the deed was a forgery. Appellants, upon this appeal, again contend that the trial court erred in overruling their demurrer to the affirmative defense and cross-complaint of the respondent W. S. McKelvey. We cannot consider this assignment. It was settled upon the former appeal adversely to appellants' present contention, and our former ruling is now the law of

the case.   Nor can we sustain appellants' further contention that the trial court erred in admitting evidence offered by respondents.   The evidence of which complaint is made is the identical evidence which, in our former opinion, we held should have been admitted on the first trial.   We then said:

"The respondents were entitled to prove and offer in evidence the signature of Elsholtz, and to have their experts, if they could qualify, give their opinion as to whether he had signed the deed, based upon a comparison of his proven signature with their recollection of the signature to the deed."

It will thus be seen that the only possible question on this appeal is whether the experts, whom respondents produced on the last trial, were qualified to testify.   Appellants contend they were not.   This contention cannot be sustained. They were employed in the office of the county auditor at the time the deed was filed for record.   One of them was repeatedly called upon to examine signatures to various instruments and instruct other employees in the office as to the manner in which they were to be recorded.   The other had occupied a number of clerical positions, where he had inspected written instruments and signatures, had been employed in a railway office, and had been clerk, bookkeeper, receiving teller, and paying teller in a bank.   These two witnesses, at respondents' request, compared the signature on the original deed with a proven genuine signature of Frank Elsholtz, and testified that, in their opinion, they were not written by the same person.   The witnesses were competent, and their testimony was admissible.   The original signature which they compared with that on the deed was shown to be genuine by a witness who himself saw Elsholtz write it.

Appellants further insist the evidence was not sufficient to prove the forgery.   They rested their entire case on a certified copy of the recorded deed.   They made no attempt to disclose the circumstances surrounding the alleged sale and

conveyance, nor did they attempt to explain the absence of the original deed, or show they had made any effort to produce it. From the entire record, we conclude the forgery was established by the overwhelming weight of evidence, and that no prejudicial error has been committed.

The judgment is affirmed.

DUNBAR, C. J., ELLIS, and MORRIS, JJ., concur.