[No. 9908.  Department One.  September 28, 1912.]

H. F. PROVINE, *Respondent*, v. THE CITY OF SEATTLE *et al.*,
*Appellants.*[1]

APPEAL—DECISION—LAW OF CASE.  A decision on a former appeal
that the facts made a case for the jury, becomes the law of the case,
and is conclusive on a second appeal, taken after a reversal and re-
manding the case for judgment upon the verdict.

Appeal from a judgment of the superior court for King
county, Gay, J., entered June 12, 1911, upon the verdict of
a jury rendered in favor of the plaintiff, in an action for
damages to property by reason of the regrade of a street.
Affirmed.

*James A. Snoddy* and *Walter B. Beals*, for appellants
Hawley & Lane.

*John P. Hartman*, for respondent.

PER CURIAM.—This action was commenced by H. F. Pro-
vine against the city of Seattle and H. W. Hawley and
L. C. Lane, copartners as Hawley & Lane, to recover damages
resulting from defendants' wrongful acts in placing earth
against plaintiff's building, causing it to move or slide from
its foundation and to be partially destroyed.  Plaintiff
claimed damages in the sum of $2,892.15 for injuries to the
building, and for loss of profits from his business which was
necessarily suspended.  The jury returned a verdict for
$1,692.15.  Thereafter the defendants interposed separate
motions for a new trial, and for judgment notwithstanding
the verdict.  The trial judge, without passing on the motion
for a new trial, entered judgment notwithstanding the ver-
dict, and dismissed the action.  Thereupon plaintiff appealed,
and this court, in *Provine v. Seattle*, 59 Wash. 681, 110
Pac. 619, reversed the judgment, and remanded the cause

[1]Reported in 126 Pac. 927.

with instructions to overrule the motion for judgment notwithstanding the verdict, and for further proceedings. After remittitur, the motion for a new trial was overruled, and judgment was entered in plaintiff's favor upon the verdict of the jury. The defendants have now appealed.

A statement of the case may be found in our former opinion, and need not be here repeated. Appellants contend that excessive damages were awarded, that the evidence was insufficient to sustain the verdict, and that the trial judge erred in instructions given and refused. The important question is whether defendants deposited earth north of and against respondent's building, in excess of the amount which they were entitled to deposit, and if they did, whether the excessive quantity of earth so deposited was the proximate cause of damages which respondent sustained. On the former appeal we held the cause was for the jury, and that error had been committed in sustaining the motion for judgment notwithstanding the verdict. That ruling became the law of the case, which upon this appeal disposes of appellants' contention that the evidence was not sufficient to sustain a verdict in respondent's favor.

As to the contention that the damages awarded are excessive, it may be stated that they are well within the allegations of the complaint and evidence admitted. Appellants attack certain items claimed by respondent, insisting that they were not proper items of damage; that they should not have been allowed; that they were allowed by the jury; and that the verdict was therefore excessive. The record shows that, while to some extent the trial was waged upon the question of the amount of the damages, the principal contest was on the issue whether the earth was wrongfully deposited against the building, or whether it had been placed there at respondent's instance and request. At the time of the trial, appellants made but little if any attack on the particular items of damage to which they now direct our atten-

tion. In any event, we find the evidence sufficient to sustain the verdict for the full amount awarded.

Appellants now complain of instructions given and refused. The issues were simple. The entire body of the instructions state the law, are free from prejudicial error, cover all requested instructions which should have been given, and could not have misled the jury. The evidence now before us is the same evidence which we considered on the former appeal. It sustains the verdict, and the record is free from prejudicial error. The motion for a new trial was properly denied.

The judgment is affirmed.