[No. 10607. Department Two. May 24, 1913.]

W. H. HAYS, *Appellant*, v. MERCANTILE INVESTMENT COMPANY et al., *Respondents*.[1]

JUDGMENT—DEFAULT—VACATING—DISCRETION. It is not an abuse of discretion to refuse to open a default in failing to reply to affirmative defenses within the time limited by law, where the reply tendered on motion to open the default did not deny or controvert the allegations set forth in the affirmative defenses.

JUDGMENT — RES JUDICATA — BAR — MATTERS AND PERSONS CONCLUDED. The dismissal of an action to set aside a judgment vacating the probate of a will and refusing re-probate on the ground of fraud in that the record was falsified so as to make it appear that the petition to set aside the original probate was filed within one year after the probate, is *res judicata*, where it had been determined on appeal that the original probate was properly vacated as void for lack of jurisdiction by reason of lack of process so that a petition to vacate it need not have been filed within one year; and is therefore a bar to a subsequent action to set aside the judgment refusing probate on account of such alleged fraud, brought by a party in interest whose duty it was to have appeared in answer to a valid citation presumptively issued at the time of offering the will for re-probate.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered March 26, 1912, dismissing an action for equitable relief upon the ground of fraud,

[1] Reported in 132 Pac. 406.

upon default in failing to reply to affirmative defenses. Affirmed.

*W. F. Hays* and *Henry St. Rayner*, for appellant.

*James B. Howe* and *Peterson & MacBride*, for respondents.

ELLIS, J.—This is a recrudescence of the contest involving the estate of John Sullivan, deceased, which has been intermittently before some court, either of first instance or appellate, state or Federal, ever since the spring of 1901. For the history of that estate, reference is made to the following decisions: *In re Sullivan's Estate*, 40 Wash. 202, 82 Pac. 297, 111 Am. St. 895; *Hays v. O'Brien*, 56 Wash. 67, 105 Pac. 162; *O'Callaghan v. O'Brien*, 116 Fed. 934; *Carrau v. O'Callighan*, 125 Fed. 657; *O'Callaghan v. O'Brien*, 199 U. S. 89.

The plaintiff, who claims a half interest in the entire estate by reason of a contract with Marie Carrau giving him that interest as an attorney's fee, in consideration that he establish her rights as devisee under an alleged nuncupative will, brings this action by a bill in equity to set aside the judgment of this court entered upon the decision in 40 Wash. 202; and to set aside the judgment of the superior court of King county, Washington, in probate, dated January 25, 1906, finally rejecting the probate of the alleged nuncupative will of John Sullivan, deceased; and to vacate and set aside the judgment of January 10, 1907, in the same court distributing the property of the estate to Edward Corcoran and Charles H. Farrell, as administrator of the estate of Hannah Callaghan, deceased, and to Samuel H. Piles; and to cancel and hold for naught certain quitclaim deeds conveying the property formerly belonging to the estate to the defendant corporations; and to require the defendant, Marie Carrau, to deed to the plaintiff an undivided one-half interest in the property.

The grounds of complaint are an alleged fraud and conspiracy between Corcoran, Farrell, and their attorneys Piles,

Donworth, Howe and others, and one J. W. Robinson, who represented Marie Carrau in most of the litigation above referred to, by which conspiracy and fraud the plaintiff claims to have been prevented from having a hearing on the original appeal to this court, and from having a hearing before the superior court of King county in probate at the time the probate of the nuncupative will was refused, and in the distribution of the estate above referred to. It is alleged, in substance, that, at the time of the entry of the order dismissing the petition of Edward Corcoran and Charles H. Farrell, as administrator of the estate of Hannah Callaghan, deceased, in contest of the alleged nuncupative will, and at the time of the appeal from that dismissal to this court, and the decision thereon as reported in 40 Wash. 202, the plaintiff was absent from the state of Washington; and that all these things were done without his knowledge or consent, and through a conspiracy between the predecessors in interest of the defendant corporations and the attorney for Marie Carrau in that proceeding, who, it is alleged, assumed to represent her without plaintiff's consent and in fraud of his rights under his contract with Marie Carrau. It is further alleged that, in that proceeding and on that appeal, the record was falsified to make it appear that the petition had been originally filed in the probate proceeding in King county within one year after the entry of the original order of probate on March 8, 1901, whereas, it is now claimed that it was filed as a petition in a separate proceeding in equity to contest the alleged nuncupative will. It is also alleged that the proceedings seeking to re-probate the will, culminating in the order of the superior court of King county rejecting the will on January 25, 1906, were without plaintiff's knowledge or consent; but it is not alleged that the last mentioned attempted probate was not upon regular citation as required by the statute.

In his complaint, the plaintiff also alleged, in substance, that he had filed a suit against the predecessors in interest of

the defendants herein; that one Terrence O'Brien, administrator of the Sullivan Estate, and Marie Carrau were parties to that suit, and filed demurrers to his complaint; that the superior court dismissed his action as to O'Brien, administrator, and Marie Carrau; that the plaintiff herein appealed from that order of dismissal to this court; that this court dismissed his appeal; and that plaintiff was thereby prevented from having a trial of that action upon the merits. The decision on that appeal is reported in 56 Wash. 67.

The answer of the defendants in this action, after denying the allegations of the complaint, pleaded that the action last above referred to had been tried in the superior court of the state of Washington for King county; and that plaintiff's claim had been adjudged without merit and vexatious; that he was prosecuting that action not in good faith, but for the purpose of clouding the defendants' title; and that the decree entered in that suit perpetually enjoined the plaintiff herein from asserting any right, title or interest in any of the property in question; that the plaintiff had sought to have that decree set aside; that his motion was denied; that he appealed therefrom, and the supreme court of this state dismissed his appeal. This affirmative defense sets forth the allegations of the plaintiff's complaint in the former action, wherein practically the same charges of fraud and conspiracy, though not with the same particularity, are set out as appear in the complaint in the present action. The answer herein further alleges that, when that suit was brought on for trial, the plaintiff appeared in person and by attorney, but after an opening statement withdrew and refused to participate in the trial, though advised that the defendants, the predecessors in interest of the defendants here, would proceed to put in their evidence sustaining their denials and the allegations of their affirmative answer and cross-complaint, which was accordingly done, and a decree entered dismissing the plaintiff's action with prejudice, and granting the defendants relief as prayed for in that answer. A copy of that decree is

set out in the present answer, in which it is recited, that, upon motion of the defendants, the action was dismissed as to the codefendants O'Brien and Marie Carrau, for failure of the plaintiff to prosecute the action against them; and that the plaintiff made his opening statement, at the close of which he moved the court to vacate the order of dismissal as to O'Brien and Carrau, which motion the court denied; whereupon the plaintiff, by his attorney, in open court, gave notice of appeal to the supreme court from the order of dismissal as to O'Brien and Carrau, and from the order denying the motion to reinstate them as defendants; and that plaintiff proceeded no further; and the other defendants, by their attorney, inquired if the plaintiff intended to proceed with the trial, to which the plaintiff in person replied that he did not intend to continue further with the trial; that thereupon the defendants, by their attorney, announced that they would proceed to introduce evidence in support of their denials and in support of their affirmative answer, and would move the court to dismiss the plaintiff's action with prejudice; whereupon the court directed the defendants to proceed with the introduction of their evidence, and the plaintiff and his attorney, without obtaining permission from the court, withdrew from the court room and from the presence of the court and took no further part in the trial of that action.

When the answer setting up these facts in the present action had been served and filed and five days had elapsed without a reply thereto having been made by the plaintiff, the defendants moved for a default against the plaintiff for lack of a reply to the affirmative matter in their answer, which motion was resisted by the plaintiff, who then tendered a reply which the court refused permission to file on the ground that it was tendered too late and after the period of five days from the service of the answer. The default was entered. The defendant applied to the court to set aside this default, but his application was denied, and judgment was entered dis-

missing his complaint with costs.  From that judgment the plaintiff prosecutes this appeal.

It is contended that the court abused his discretion in entering the judgment of default against the appellant and in refusing the appellant leave to file his reply.  We find in this no abuse of discretion, since an examination of the reply which was tendered shows that it in no manner controverted or denied the facts set forth in the affirmative defense showing practically the same facts as here pleaded had been pleaded in the former action, nor as to the contents of the decree in that action, but merely denied the legal effect of that decree. It seems to us plain that, if the complaint in this action had set out in full the decree in the former action, the complaint in this action would have been demurrable, in that it would have shown that the decree in the former action disposed of the issues sought to be raised in this.  We have examined the complaint which was brought up in the former appeal, 56 Wash. 67, and find that the allegations of that complaint set up every fact which it is claimed constitutes the fraud alleged in the complaint in this action, except that the complaint in this action alleges that the fraud was only discovered by the appellant on January 10, 1912.  This is manifestly negatived by the complaint in the other action, which sets up the same matters alleged as fraud in the present action.  Moreover, the gravamen of the fraud alleged in both actions was that the record in the original appeal was falsified so as to make it appear, which it is alleged was contrary to the fact, that the petition to set aside the probate of the alleged nuncupative will which was entered on March 8, 1901, had been filed within one year after that probate.  It is manifest, however, that even if such a fraud be admitted, it was immaterial since the decision of this court in the original appeal, reported in 40 Wash. 202, is expressly based upon the ground that the original attempted probate of the alleged nuncupative will was void for lack of jurisdiction to enter it, by reason of lack of process, and for that reason the appel-

lants in that case were not limited in their time to file their petition to vacate it to one year from the entry of the void decree. Neither the complaint in this action nor the tendered reply attempts to negative the fact, which is established by that appeal, that the original decree of probate was void for lack of proper citation. Nor does the complaint in this action or the reply to the respondents' answer allege that the appellant, as was his right and duty, under his contract with Marie Carrau, ever sought to re-probate the alleged nuncupative will. He merely claims that the effort which was made to re-probate the will was without his knowledge or consent. It is not alleged, however, that that attempt to re-probate the will was not founded upon a valid citation. In the absence of that allegation we must assume that it was. If it was founded upon a valid citation, then it was his duty to have appeared therein and set up his alleged interest. We have carefully examined the record on the appellant's premature appeal reported in 56 Wash. 67, and we are satisfied that the complaint in that action makes the decree rendered thereon *res judicata* of the matters sought to be raised in the present complaint, that these facts were sufficiently pleaded in the respondents' answer in this action, and that the reply which the appellant tendered to that answer did not deny the facts so pleaded. The court therefore committed no error in refusing to vacate the default and permit the filing of a reply which raised no issue, nor in dismissing the appellant's bill.

The decree is affirmed.

Mount, Main, Fullerton, and Morris, JJ., concur.