[No. 11616. Department One. April 1, 1914.]

EDWARD O'BRIEN, *Respondent*, v. WASHINGTON WATER POWER COMPANY, *Appellant*.[1]

STREET RAILWAYS—INJURIES TO PERSONS ON TRACKS—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. The driver of a team, struck by a rapidly approaching street car, in the nighttime, is guilty of contributory negligence, as a matter of law, where he testified that he drove upon the street car tracks to allow an automobile to pass, and stayed there for several blocks because it was easy going, that he saw the car when it was two blocks away, and the only obstacle to his leaving the track was that one of the rails was slightly elevated, and a hind wheel of his empty wagon skidded thereon, and that he did not whip up, but merely clucked to his horses, which did not go off a walk.

SAME—PROXIMATE CAUSE—LAST CLEAR CHANCE. The proximate cause of the accident, where a street car struck the team of plaintiff, was the plaintiff's contributory negligence in failing to leave the track after seeing the approaching car, which continued up to the time of the accident, and the doctrine of last clear chance has no application, where there was no evidence that he was actually seen by the motorman.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered June 2, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in a collision with a street car. Reversed.

*Post, Avery & Higgins*, for appellant.

*Morrill, Chester & Skuse*, for respondent.

ELLIS, J.—This is an action for damages for personal injuries, sustained by the plaintiff in a collision of one of the defendant's street cars with the plaintiff's wagon, on Sprague Avenue, between Altamont and Cook Streets, in the city of Spokane. This appeal is from a judgment rendered upon the verdict of a jury in a second trial of the action. On the

[1]Reported in 139 Pac. 771.

first trial, the court, at the close of the evidence, instructed the jury to find a verdict for the defendant. Upon appeal, the judgment was reversed, and the cause was remanded for a new trial. For a summary of the evidence adduced at the former trial, reference is made to our opinion on that appeal. *O'Brien v. Washington Water Power Co.*, 71 Wash. 688, 129 Pac. 391. We then held that the plaintiff, respondent here, was not guilty of contributory negligence, as a matter of law, in driving upon the street car track to permit an automobile to pass, but that, under the circumstances, that question was one for the jury. We still adhere to that view. We also held that, under the evidence then adduced, whether the respondent was prevented from driving off the track after seeing the approaching car, because of a passing automobile and because of the skidding of the wagon wheels upon the elevated rail of the street car track, or whether the failure was due to his own intoxication, were questions for the jury. Were the evidence unchanged, we would also retain that view. There are, however, marked differences between the evidence on the first trial and that adduced at the second.

On the first trial, the plaintiff testified that he drove upon the street car track only for a distance of between fifty and sixty feet. On the second trial, he testified that he had been driving upon the street car track at the time he was struck possibly a block or two blocks; that he stayed there after the automobile had passed "because it was easy going." The only possible inference is that he remained upon the track for some time after the automobile had passed. Though the evidence was not quoted in our former opinion, he testified at the former trial as follows:

"Q. You could turn off sharp and get your wagon off that track without hitting anybody, couldn't you? A. Not right away, I couldn't. When I started to pull off the automobile was there, and a man isn't going to pull into an automobile."

In fact, though the circumstance is not mentioned in the former opinion, he testified that other automobiles were also passing at that time, preventing him from driving off at once. On the second trial, he admitted there were none, and said that he did not know why he so testified at the former trial. His testimony now shows that there were no other conveyances on the stréet save the automobile which had passed him when he first turned onto the track, and that he saw the street car when it was two blocks away. It is now plain that the only possible obstacle to his leaving the track when he first saw the car is found in the claim that the rail of the track was slightly elevated, and that the left hind wheel of his empty wagon skidded upon it. He testified that he did not "whip up" the horses, but merely "clucked" to them, and turned to the right, and that the horses never exceeded a walk. On the former trial, there was nothing in his own testimony tending to show that he did not use reasonable efforts to clear the track. These differences are vital.

The minds of reasonable men can hardly differ in the opinion that merely to "cluck" to the horses when a car was coming upon him in the darkness at a rapid rate and when, as now appears, there was no automobile or other vehicle in the way, was not an exercise of reasonable care to clear the track. It seems to us that there can be no possible difference of opinion upon the subject. We therefore hold that, upon his own testimony as given at the second trial, the respondent was guilty of contributory negligence as a matter of law.

But the principal ground of our reversal of the former judgment is not found in the present record in any form. On the former appeal, the reversal was based mainly upon the fact pointed out in the opinion that, according to the testimony of the motorman himself, he saw the wagon in ample time to have avoided striking it had the car been running at a reasonable rate of speed or under reasonable control, and upon the further fact, shown by the testimony of the expert witness for the street car company, that if the

motorman did not see the wagon so as to realize what it was until within fifty feet of it, as he testified, even then he could have stopped the car before touching the wagon had the car been running at only seven miles an hour, as the motorman said it was. Upon these facts, we held that the question of proximate cause was for the jury, even conceding that the plaintiff was guilty of contributory negligence as a matter of law. In other words, we held that, upon these facts, the question whether the motorman had the last clear chance to avoid the injury was one for the jury. That this was the dominant element in our former decision, is shown by the following quotation therefrom:

"But even assuming that the appellant was guilty of negligence, as a matter of law, there still remains the question as to whether his negligence or that of the respondent was the proximate or efficient cause of the accident. The motorman himself testified that when about 300 feet distant, he discerned some object upon the track, which he discovered to be a wagon and team when about fifty feet away, when he applied the emergency brake, but too late to avoid the collision. When he first saw the object, he recognized it as a possible danger, since he claims that he then threw off the power, blew the whistle, and slowed down to seven miles an hour. The respondent's evidence shows that a car, such as the one in question, could be stopped by applying the emergency brake in a distance of thirty-five feet, and that if as the motorman claims, the car was going at the rate of seven miles an hour when he applied the emergency brake, it would never have hit the wagon. It is hardly a sufficient excuse to say that he had the right to assume that the wagon would leave the track, since he testified that he did not know the object was a wagon till within fifty feet of it. If he did not know it was a wagon, he could hardly assume that it would leave the track. The danger, when he had approached to within fifty feet, was imminent, and it was for the jury to say whether, under the evidence, he should not have then had his car under such control as to be able to stop it before hitting the wagon. Whether, but for an excessive rate of speed, the motorman saw the appellant's danger in time to avoid the collision, was a question of fact. If he did, it was

his duty to stop, regardless of any negligence of the appellant; and his failure to do so, if because of excessive speed, was the proximate and efficient cause of the injury. These were questions for the jury."

None of this evidence was introduced at the last trial. It appears that the motorman could not be found, and the expert witness was not called by either side. Counsel for the appellant offered to read the motorman's former testimony into the record on the second trial, but, upon the respondent's objection, it was excluded. There is no evidence whatever in the present record invoking the doctrine of last clear chance. Assuming, as we must, that the jury was justified in finding the appellant guilty of negligence in that it was running its street car at an excessive rate of speed before and up to the time of the accident, still, upon the record now before us, the respondent was not entitled to a verdict. His own testimony, as we have seen, clearly shows that he, himself, was guilty of contributory negligence continuing up to the very instant of the accident, in that he used no reasonable efforts to urge his horses out of the zone of danger at any time. Since there was no evidence that the motorman actually saw him, there was nothing to relieve this negligence of its contributory character. Under the rule announced and exemplified in *Herrick v. Washington Water Power Co.*, 75 Wash. 149, 134 Pac. 934; *Mosso v. Stanton Co.*, 75 Wash. 220, 134 Pac. 941, and *Johnson v. Washington Water Power Co.*, 73 Wash. 616, 132 Pac. 392, there is no room under the present evidence for the invocation of the doctrine of last clear chance.

The judgment is reversed, and the cause is remanded for dismissal.

CROW, C. J., CHADWICK, GOSE, and MAIN, JJ., concur.