[No. 11941.  Department Two.  January 16, 1915.]

FLORESTINE PERRAULT, *Respondent*, v. EMPORIUM
DEPARTMENT STORE COMPANY, *Appellant*.[1]

EVIDENCE—JUDICIAL NOTICE—RECORDS. The courts will take judicial notice of their records touching prior proceedings in the same case.

APPEAL—DECISION—LAW OF CASE—MATTERS DECIDED ON FORMER APPEAL. Under the rule that a decision on a former appeal becomes the law of the case and conclusive, the defendant, in prosecuting a second appeal (from the judgment entered on a new trial), cannot urge error in refusing instructions which were the same as those refused on the same issues and evidence on the first trial; although such error was not urged on the former appeal because defendant was not then seeking a new trial; since defendant speculated on defeating the former action on the facts alone and accepted as correct the law as then given in the instructions.

SAME. In like manner, the question whether plaintiff might have minimized the damages was involved in her motion for a new trial on the ground of inadequacy of damages, and the appellant, in then conceding that there was no abuse of discretion in awarding a new trial on that ground, is estopped on a subsequent appeal to raise the question on the same evidence.

APPEAL—REVIEW—HARMLESS ERROR. Technical failure to instruct the jury that damages for personal injuries must be no more than compensatory, is harmless, where from the evidence it appears that they were no more than compensatory.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered November 11, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in a department store elevator. Affirmed.

*Englehart & Rigg*, for appellant.

*John H. Lynch* (*H. H. Wende*, of counsel), for respondent.

[1]Reported in 145 Pac. 438.

ELLIS, J.—This is an action for damages, suffered by the plaintiff in attempting to step into an elevator owned and operated by the defendant in its department store. The case is here for the second time on appèal. On the first trial, the plaintiff recovered a judgment for $800. A new trial was granted on the ground that the damages awarded were so inadequate as to show that the jury in reaching the verdict was influenced by passion and prejudice. In the course of the first trial, the defendant moved for a nonsuit, for a directed verdict, and for judgment *non obstante.* These motions were all overruled. The defendant's first appeal was from the orders denying all of these motions and from the order granting a new trial. On the first appeal no objection was made to its scope and all of these orders of the trial court were reviewed and the order granting a new trial was affirmed. That affirmance necessarily included an affirmance of the other orders appealed from. This is apparent from the following language found in the opinion on the first appeal:

"The several motions of the defendant for a nonsuit, a directed verdict, and a judgment *non obstante,* were denied, and the motion of the plaintiff for a new trial on the ground of inadequate damages appearing to have been given under the influence of passion or prejudice was granted. The defendant has appealed.

"It concedes that, if the court was not in error in denying its several motions, the order granting a new trial was not an abuse of discretion. Its contentions are, (1) that it was not guilty of negligence, and (2) that the respondent was guilty of contributory negligence materially contributing to and causing her injury; and hence that it incurred no liability." *Perrault v. Emporium Department Store Co.,* 71 Wash. 523, 128 Pac. 1049.

Reference is also made to that opinion for a statement of the evidence, to which it is only necessary to add that there was some evidence tending to show that the plaintiff entered the store for a matter of her own convenience and neither

made nor attempted to make any purchase while there. There was also evidence that she refused for some time to submit to an operation advised by her physician who also told her that the operation might produce a stiff knee but that the danger of that result was not great. After taking treatment for a short time from an osteopathic physician, she finally underwent the operation at first advised. The result was satisfactory, though the knee at the time of the second trial was still weak and the limb slightly reduced in size.

On the second trial, the plaintiff recovered a verdict for $1,500, for which amount and costs judgment was entered. Within the statutory time, the defendant moved for a new trial upon the grounds of insufficiency of the evidence and errors in law. This motion was overruled. From the judgment and from the order denying a new trial the defendant prosecutes this appeal.

The appellant urges a reversal upon three grounds, namely: (1) that the evidence tends to show that the respondent was in the store as a mere licensee and that the court should have given certain requested instructions covering that point; (2) that the court erred in refusing to give a requested instruction as to the duty of the respondent to have minimized her damages by earlier submitting to an operation; (3) that the court failed to instruct that the respondent in no event could recover more than compensatory damages.

We may preface the consideration of these points by calling attention to the following facts which will materially affect their decision:

The pleadings on the second trial were identical with those on the first. The instructions were in substance the same, save a slight difference in the instruction touching the measure of damages, to which we shall presently advert. The evidence was in every material particular the same on the first trial as on the second, save that on the second trial it was

probably more definite than on the first that the elevator boy was at his post at the time of the accident holding the elevator door open as an invitation to the respondent to enter. If there was any other difference, the appellant has not attempted to point it out, and a careful examination of the record of both trials on our part has failed to reveal it. The appellant says there is nothing before this court showing that fact, but in their briefs both parties invite an examination of the record on the former appeal. Moreover, courts will take notice of their records touching prior proceedings in the same case. *Hale v. Crown Columbia Pulp & Paper Co.*, 56 Wash. 236, 105 Pac. 480; *O'Brien v. Washington Water Power Co.*, 79 Wash. 82, 139 Pac. 771; *Hays v. Mercantile Inv. Co.*, 73 Wash. 586, 132 Pac. 406.

(1) It is clear that the first point cannot be successfully invoked on this appeal. The question whether the respondent was in the store on business as an invitee, or for her own pleasure as a mere licensee, could only be material as bearing upon the extent of the appellant's duty to avoid causing her any injury while there—that is, as determining the degree of care imposed by law upon the appellant and as bearing upon the degree of care for her own safety incumbent upon the respondent. These were questions necessarily inhering in the determination of the main questions whether the appellant was guilty of any negligence imposing a liability, and whether the respondent was guilty of contributory negligence precluding her recovery, both of which were decided on the first appeal adversely to the appellant. The appellant now complains of the court's refusal to give a requested instruction to the effect that, if the jury should find from the evidence that the plaintiff entered the store for the sole purpose of her pleasure or convenience and made no purchase of anything for sale therein, then the verdict must be for the defendant, and also of the refusal to give another instruction to the same effect but stated at greater length.

The same instructions were requested and refused at the former trial. This, of course, is not the law, but it was as nearly the law, as applied to the same evidence, at the time of the former trial as it is now and should have been presented for determination on the first appeal if the appellant ever intended to raise the point or to claim error in the instructions touching the measure of liability as actually given.

The appellant urges that it was not then seeking a new trial, hence, could not argue errors in the instructions. The situation presented is just this. The appellant was willing to accept the law of the case as given to the jury by the court's instructions on the first trial, rather than ask for a new trial on the ground of errors now claimed in the law as given. It staked its whole case on the chance of defeating the action *in toto* on the ground of absence of any negligence or liability on its part, or on the ground of contributory negligence on the respondent's part. As shown by the former opinion, it conceded that, if these claims were not well taken, there was no error in granting a new trial on the sole ground of inadequacy of the damages. In effect, it thus admitted that the only error consisted in not taking the case from the jury on the evidence. The appellant was willing to speculate on the chance of defeating any recovery by the first appeal on the facts alone, and accepted as correct the law of the case as given in the court's instructions. The law of the case as applied to the same facts, shown by the same evidence, was thus settled for all time. This court has often said that it will not entertain appeals piecemeal. In an unbroken line of decisions we have consistently held that questions determined on appeal, or which might have been determined had they been presented, will not be considered upon a second appeal of the same action. As to such questions the first appeal conclusively settles the law of the case. *State v. Boyce*, 25 Wash. 422, 65 Pac. 763; *Crooker v. Pacific Lounge & Mattress Co.*, 34 Wash. 191, 75 Pac. 632; *Wheeler*

*v. Aberdeen,* 47 Wash. 405, 92 Pac. 135; *State ex rel. Nicomen Boom Co. v. North Shore Boom & Driving Co.,* 62 Wash. 436, 113 Pac. 1104; *Seattle v. Northern Pac. R. Co.,* 63 Wash. 129, 114 Pac. 1038; *Pattison v. Seattle, Renton & S. R. Co.,* 64 Wash. 370, 116 Pac. 1089, 35 L. R. A. (N. S.) 660; *Forrester v. Reliable Transfer Co.,* 65 Wash. 602, 118 Pac. 753; *O'Brien v. McKelvey,* 66 Wash. 18, 118 Pac. 885; *Budman v. Seattle Elec. Co.,* 67 Wash. 133, 120 Pac. 877; *Provine v. Seattle,* 70 Wash. 326, 126 Pac. 927; *Blinn v. Grindle,* 71 Wash. 120, 127 Pac. 840; *Boothe v. Summit Coal Min. Co.,* 72 Wash. 679, 131 Pac. 252.

(2) A consideration of the second question is even more distinctly foreclosed by the former appeal. The respondent's motion for a new trial at that time was upon the ground that the damages awarded by the jury were inadequate. Whether the respondent might have minimized the damages, by submitting to an earlier operation, was clearly involved in the question of adequacy of damages there presented. The appellant, by then conceding that there was no abuse of discretion in awarding a new trial on that ground if it was liable for any damages, is estopped to raise the question now upon the same evidence. It is a question which not only could have been, but in all propriety ought to have been raised on the first appeal, if at all. Moreover, an examination of the evidence as adduced at both trials convinces us that, if the appellant is liable at all, a question concluded by the first appeal, the damages awarded are no more than adequate to compensate the respondent for her injuries regardless of any minimization. In fact, it is not seriously contended that the damages awarded are excessive.

(3) What we have already said also disposes of the third question. There being no serious contention that the damages awarded are excessive, in view of the serious character of the injury and the pain and suffering, loss of time and expense to which the respondent was subjected, the technical error in the instruction, in that it failed to advise the jury

that the damages awarded must be no more than compensatory, was clearly immaterial. Demonstrably, it had no prejudicial effect.

The judgment is affirmed.

FULLERTON, MOUNT, CROW, and MAIN, JJ., concur.